## Maurice Hickey and another v. David M. Hinsdale.

*Invalid agreement not an estoppel.* — A paper signed by a judgment debtor, and delivered to the attorney for his creditors, after execution issued on the judgment has been levied, by which he agrees to settle the judgment, by paying a certain amount in notes satisfactory to the attorney, or, in default thereof, to turn out the property levied upon in payment, is neither valid as a contract, nor can it operate by way of estoppel against the debtor, where it appears that the creditors had given the attorney no authority to receive such a paper, or to compromise the action in any manner.

*Admissions by invalid agreement.* — But, in an action of replevin brought by the debtor, for the property levied upon, it was held, that said paper was admissible in evidence against him, as a parol admission of the facts recited in it, and open to explanation and contradiction as such.

*Replevin of property in plaintiff's possession.* — Where an officer, by virtue of an execution, levied upon property in the dwelling house of the judgment debtor, and made an inventory and appraisal thereof, but did not remove the same, and left the house and the property as he found them, but still claiming the property by virtue of the levy, and the judgment debtor brought replevin therefor; it was held that, as the property was in his actual possession at the time of suing out the writ, the action could not be maintained.

H I C K E Y  v.  H I N S D A L E.

Replevin under our statute is peculiarly a possessory action; and its primary object is to enable the plaintiff to obtain the actual possession of property wrongfully detained from him by the defendant at the time the action is brought.

*Heard October 14th.   Decided December 5th.*

Error to Wayne Circuit.

The action was replevin, by Hinsdale against Hickey and Bigelow, who justified under an execution against Hinsdale, by virtue of which Hickey, acting as constable, and by direction of Bigelow, levied on the property replevied, which consisted mainly of household furniture.   The execution was issued upon a judgment in favor of McBride, Robinson and Hoover, against Hinsdale as garnishee of Samuel Chamberlain, rendered March 1, 1858, for $249 58. On the trial, the defendants, as a part of their case, offered in evidence a paper in the words and figures following, to wit:

"I hereby agree to settle the claim of McBride, Robinson and Hoover, against me, as garnishee of Samuel Chamberlain, within three days from this date, by paying to J. E. Bigelow, attorney for said parties, the sum of twenty-five dollars, and giving him two promissory notes, one for $100 payable in ninety days, secured satisfactorily to said Bigelow, and the other for $125, secured satisfactorily to said Bigelow, payable in nine months, and that in case of a failure to perfect said settlement, that I will turn out the property levied upon by said Hickey, by virtue of an execution in said cause, to be applied in payment of said debt, except the $250 worth, and three stoves put up, selected by me as exempt by law.          *D. M. Hinsdale.*

Detroit, March 1, 1859."

The evidence being closed, the defendants submitted to the Court, in writing, several propositions of law, deemed by them to be material to the case, and required decision upon the same; among which were the following:

1. "That the above writing signed by Hinsdale (which was admitted subject to objection) is competent evidence

HICKEY v. HINSDALE.

in the case. Defendants insist that it is competent as an admission of a levy by Hickey, and a selection by Hinsdale of the two hundred and fifty dollars exemption; also, that it operates as an estoppel upon Hinsdale from replevying during the three days expressed in said writing, and also estops him from denying that all proceedings taken under the execution prior to said writing had been regular. Said writing is not void under the statute —it is not a bill of sale, mortgage or lien."

As to this proposition, the Court found that the alleged contract of the plaintiff was competent evidence for some purposes; that it was not a valid and binding contract, for the reason that no consideration appears upon its face, nor was proved, and also because the evidence showed that the attorney for the plaintiffs in that case, the said defendant Bigelow, had no authority to enter into such a contract on their part to compromise the judgment, and that it was an attempted compromise of the debt, and that an objection being taken to the admission of the alleged agreement, no attempt whatever was made to offer any evidence of a consideration, or of authority to Bigelow to make the compromise. The Court found, further, that it was not an admission of the legality and regularity of the proceedings of the defendants; that it was not an admission of facts not appearing to have been known to the plaintiff at the time; that, as the evidence appeared, said paper could not operate as an estoppel, but that it would still have been void under the statute without the wife's signature, as a contract for the creation of a lien upon household furniture, and also upon certain articles in said inventory, which are exempt from execution by name.

2. "That the plaintiff can not recover, because the property was in his own possession at the time the writ of replevin issued."

As to this the Court found, that the property having been levied upon on said execution, the levy not having

been released, the property remained in the legal custody of said Hickey, although left by him in the house of said plaintiff.

And the proceedings on the execution appearing to have been irregular, the Court rendered judgment for the plaintiff.

*J. E. Bigelow*, for plaintiff in error.

*W. C. Hoyt*, and *H. C. Knight*, for defendant in error.

CHRISTIANCY, J.:

There was no error in holding that the agreement signed by Hinsdale was not a valid contract, and could not, therefore, operate as an estoppel against him. But the Court held it was admissible "for some purposes;" and we think it was admissible as a parol admission of the facts recited in it, and open to explanation and contradiction as such.

But, as we understand the finding of facts, we think the Court erred in holding the plaintiff below entitled to maintain the action of replevin for the goods in question, as they seem to have been already in his possession at the time the writ of replevin was issued: for though it is found that defendant Hickey, when he levied upon the goods in the dwelling house of Hinsdale, took them into his posession, it seems to have been only so far as merely to make an inventory and appraisal of them; as it is further found that "he did not in fact remove the goods from the house, but that he made no release thereof, or of any part of them, from said levy, but left the house and property as he found it, still claiming the property by virtue of said levy; and whilst said defendants" (plaintiffs in error) "were absent from said house, and before the time had expired for perfecting the settlement according to the agreement offered in evidence, the plaintiff issued his writ of replevin," &c. It is clear from this that, whatever

HICKEY v. HINSDALE.

right of possession Hickey may have had or claimed, the property was *in the actual possession of Hinsdale*, the plaintiff below, at the time he sued out his writ of replevin: while, upon the plaintiff's own theory, Hickey had not even the *right*, but a mere *claim* of possession: since the bringing the action, and plaintiff's affidavit to obtain the writ, denied the defendants' right of possession. So far as the levy upon the property may have been illegal, or the defendants' interference with it, under the claim of a levy, unauthorized, doubtless the plaintiff below might have had an action of trespass for such wrong, though the property had been returned to or left in his possession (and possibly of trover for a conversion). But the action of replevin (under our statute at least) is peculiarly a possessory action; and its primary object is to enable the plaintiff to obtain the actual possession of property wrongfully detained from him by the defendant at the time the action is brought. The statute, and the whole theory of the action, go upon the assumption that the plaintiff is not in actual possession of the property, and that the defendant wrongfully withholds that possession from him. Why bring the action to obtain the possession if the plaintiff has it already without suit? A mere claim to the right of possession by another cannot give the right to maintain replevin, while the plaintiff has the possession in fact. An action of replevin is not in the nature of a bill *quia timet*.

But the counsel for defendant in error insists that section one of chapter one hundred and fifty two, Compiled Laws, gives the action in all cases of a wrongful taking. The language is, "Whenever any goods or chattels shall have been unlawfully taken or unlawfully detained, an action of replevin may be brought *for the recovery thereof*," &c. But it is very plain from the subsequent provisions of the statute, in reference to the affidavit, the writ, declaration, &c., as well as from the nature and

object of the [action itself, that a wrongful taking alone will not sustain the action, if the possession has been restored to the plaintiff, or he has it at the time the suit is instituted.

At common law replevin could only be maintained where the original taking (as well as the subsequent detention) was unlawful:—1 *Chit. Pl.* 186 *to* 190. Detinue was the common law action to obtain the property where the defendant came rightfully into possession, and the detention only was wrongful. The object of this provision of our statute was to extend the remedy by replevin, so as to include both classes of cases. But in both equally there must be an unlawful detention at the time of the institution of the suit. This detention is the whole gist of the action.

The finding of facts does not therefore support the judgment. The judgment must be reversed, and the plaintiffs in error must recover their costs in this Court and the Court below.

The other Justices concurred.