WILLIAM F. BILLINGS *vs.* JOHN W. THOMAS.

One whose possession of goods is merely colorable cannot maintain an action against an officer for taking them upon a writ of replevin against the true owner.

An officer who has taken property upon a writ of replevin cannot justify as against its owner without showing that he took it from the possession of the person named as defendant in the replevin writ.

TORT against the sheriff of Norfolk County for the conversion by his deputy of a horse, by taking it upon a replevin writ sued out April 4, 1870, by the members of the partnership of Eaton, Moulton & Co., against those composing the partnership of Snyder & Co., returnable to and entered in the Superior Court for Norfolk County, at April term, 1870.   Writ dated April 4, 1870.

At the trial in the Superior Court, before *Bacon, J.,* it appeared that the horse, prior to January 10, 1870, was the property of the partnership of Snyder & Co., who carried on a paper factory in Franklin, and that the plaintiff claimed title by virtue of a sale to him by Van Trump, a member of that partnership.   There was conflicting evidence as to the ownership, and as to the possession of the horse, " the defendant claiming on the evidence that the sale of the horse to the plaintiff was colorable and not intended to pass title, but was made to make a pretence of title in the plaintiff to cover up the property from creditors ; that the plaintiff had neither property nor possession."

The defendant requested the court to instruct the jury as follows :

" If the plaintiff's possession was a merely colorable possession for and in behalf of Snyder & Co., or Van Trump, as a member

of the firm of Snyder & Co., and the transfer by Van Trump to the plaintiff was colorable, and a cover not intended to pass any real title, but for the fraudulent purpose of creating an appearance of title to defraud creditors, the plaintiff is not entitled to recover for the taking of the horse under the replevin writ, especially when the replevin suit was settled between the parties without any return of the property; or if anything is recoverable by the plaintiff, it must be only nominal damages, not the full value of the horse."

But the court refused so to instruct the jury, and instructed them as follows :

" If the defendant's deputy took the horse under the replevin writ, and the horse belonged to the plaintiff and not to Snyder & Co., the defendants in said writ, the defendant is liable to the plaintiff for the value of the horse at the time of the taking. The case turns on the question whether the horse was the horse of the plaintiff or of Snyder & Co. If the horse was the horse of the plaintiff, and not of Snyder & Co., the defendant has no justification. It is not necessary for the plaintiff to show he had the real full title to the horse. He must show a better title than the defendant, or rather than Eaton, Moulton & Co., the plaintiffs in the replevin suit. If the plaintiff had possession of the horse, and Eaton, Moulton & Co. had neither title nor possession, the plaintiff must recover. The plaintiff having possession, and the defendant taking the horse wrongfully, the plaintiff must prevail. If the plaintiff had the right to keep and hold the horse, and the defendant had neither, the plaintiff must recover.

" The court has ruled that there was no evidence that Eaton, Moulton & Co. had either title to or possession of the horse when the horse was taken possession of. If, then, you find that the plaintiff had possession, however bare or naked, he can maintain this action. If, however, his possession was the possession of another, as the servant or agent of some one else, such possession is not sufficient. A servant cannot maintain this action. Was, then, the plaintiff in possession of the horse ? You have nothing to do in this case with the principle of law making preferences by an insolvent debtor void, or with the law making conveyances in

fraud of creditors void. The only question is whether there was a conveyance of any title to the plaintiff. If the possession was transferred, although to hinder and defraud creditors, the plain tiff can maintain this action. The plaintiff is only bound to show a transfer to him of possession, and Van Trump, being a member of the firm of Snyder & Co., could transfer the title of the firm. If, however, the horse was not taken from the plaintiff's possession, then the plaintiff cannot recover. If the possession was in Van Trump, then the plaintiff cannot recover. If Van Trump, for Snyder & Co., put the horse into the plaintiff's possession, then the plaintiff is entitled to recover. If the story of the plaintiff, however, about the sale to him and the leaving of the horse in Thayer's stable for Thayer to hold for him is false, the defendant must prevail. But if, whether honestly, or to give a preference, or to defraud creditors, there was a transfer of the possession to the plaintiff, he is entitled to recover the fair market value of the horse at the time he was taken under the replevin writ, and interest."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*D. E. Ware,* for the defendant.

*P. E. Tucker,* (*E. Davis* with him,) for the plaintiff.

DEVENS, J. There were properly presented but two inquiries in the present case; first, on behalf of the plaintiff, whether he had such possessory right to the property that he was entitled to maintain an action against any person wrongfully taking it; second, if this were shown, whether the defendant, who was conceded to have been an officer executing a writ of replevin in behalf of Eaton, Moulton & Co., had taken the goods in pursuance of the directions of that process.

The defendant requested the court to instruct that " if the plaintiff's possession was merely colorable, for and in behalf of Snyder & Co., or Van Trump, as a member of the firm of Snyder & Co., and the transfer by Van Trump to the plaintiff was colorable, and a cover not intended to pass any real title, but for the fraudulent purpose of creating an appearance of title to defraud creditors, the plaintiff is not entitled to recover for the

taking of the horse under the replevin writ." This request brought to the consideration of the judge, that the defendant sought to avail himself of the protection of his replevin writ, by reason of the fact that, as he claimed he had taken the property from the possession of Snyder & Co., the possession of the plaintiff was merely the possession of Snyder & Co., and therefore that no action could be maintained against him for what had been done under the replevin writ.

This instruction, substantially, the defendant was entitled to have, although the court could not be asked to adopt the precise phraseology proposed by the defendant. It was appropriate to the evidence, which was conflicting as to the character of the transfer to Billings, if there was any, and it was important, as if the horse was really in the possession of Snyder & Co., as it would be, if the possession of plaintiff was merely colorable, the officer was protected in what he had done against every one, if he had served · his writ in the proper manner. *Willard* v. *Kimball*, 10 Allen, 211. The learned judge upon this point states twice in somewhat different forms, that if the possession was transferred, although to hinder and defraud creditors, the plaintiff had sufficient possession to enable him to maintain this action, and this would be correct if there was a conveyance of title, even if such conveyance were liable to be impeached as fraudulent; but he does not add, as he should have done, that if the transfer was colorable only, not intended to pass title, and a mere cover to create the appearance of title, the possession being for and in behalf of Snyder & Co. only, this was not sufficient; nor do we find these or similar expressions anywhere in the instructions. There is one statement, indeed, to the effect that the question is whether there is any conveyance of title to the plaintiff, but this is so connected with what is said as to a transfer of possession, that it might fairly be inferred that mere delivery of possession, although that possession was only on behalf of Snyder & Co., would be sufficient. On examining carefully, we do not find that the ruling was given in substance as requested so that the distinction to which the defendant was endeavoring to call attention would be comprehended by the jury.

As there must be a new trial, it is proper that we should dispose of a question suggested in the discussion at the hearing in this court, which may then arise : whether, if the defendant shows that he has replevied the property called for by the writ of replevin, it will be a defence to him even if he did not replevy it from the custody of the person named as defendant in the writ. This question was suggested but not passed upon, in *Willard* v. *Kimball*, 10 Allen, 211, and we do not find that it has been directly decided elsewhere. We are of opinion, however, that the officer must show, to justify himself, that he took the property from the possession of the person named as defendant in the process. If this were not so, while the bond which the plaintiff gives is intended to stand in the place of the property, so that the return of it may be enforced and damages for the wrongful replevin paid in case of judgment for the defendant, this bond would be given, not to the party from whose possession it was taken, but to some one else. The party from whose possession the property was taken, would have no opportunity to be heard as to the amount of bond. Gen. Sts. *c.* 143, § 3-11. Nor would he even be summoned as defendant in the case. Replevin is a possessory action, designed to test the question whether goods alleged by the plaintiff to be his are wrongfully taken or detained by the defendant, and the officer is justified if he takes the goods, which he is directed to take, from the custody in which they are alleged to be, in accordance with the directions of his process; but if he could take them from any one else, such person would be deprived entirely of the security to which, by the process, he is entitled.

*Exceptions sustained.*