# Adolphus N. Bacon v. Robert W. Davis and another.

*Replevin: Possession: Constable: Levy.* Where a constable has levied upon personal property in possession of the judgment debtors, but has never taken it into his own possession, or in any way interfered with theirs, the judgment debtors cannot maintain replevin: replevin lies to obtain possession of personal property, and it cannot be turned into a suit to quiet a party's title to property already in his possession.

*Submitted on briefs and decided July 24.*

Error to Kent Circuit.

*Joslin & Kennedy,* for plaintiff in error.

*James A. Rogers,* for defendants in error.

COOLEY, J.

In this case Bacon, as constable, levied upon certain personal property in the possession of the defendants in error, but did not take it into his own possession, or in any way interfere with the possession which the defendants in error had of it. They nevertheless caused it to be taken on a writ of replevin, in which Bacon was named as defendant, and on the trial of the replevin suit they have recovered judgment.

The case is within the principle of *Hickey v. Hinsdale, 12 Mich., 99,* and the judgment must be reversed, with costs of all the courts. The case of *Maxon v. Perrott, 17 Mich., 332,* which was relied upon to sustain the action, was quite different. There the officer had actually taken away a part of the property, and exercised in a very formal manner dominion over the remainder. Nothing of the kind took place here, and the plaintiffs in the replevin suit have had the officer go through the form of delivering over to them on the writ the property of which they were in the peaceable and undisputed possession before. Replevin lies to obtain pos-

session of personal property, and cannot be turned into a suit to quiet a party's title to property already in his possession.

The other Justices concurred.