PETER MAYHUE V. THOMAS SNELL, RICHARD WINSOR AND
WILLIAM H. MERRICK.

*Receiptor's Possession—Res Adjudicata.*

The receiptor's possession is that of the sheriff.

Seizure from the receiptor is seizure from the sheriff.

Replevin lies against a sheriff for goods actually held by a receiptor.

A sheriff who attempts to sell goods covered by a writ of replevin previously served upon himself or his receiptor, becomes a wrong doer.

A sheriff sought to evade a writ of replevin by leaving the goods in the receiptor's hands while the writ was served on himself, and afterwards selling them. As he was then prevented from delivering them, however, he afterwards, and without farther process, again seized the goods, delivered them, and was again sued in replevin. In the first suit he suffered judgment for acting on void process. In the second the same issue was tried and he recovered. *Held*, that in the second suit the validity of the process was *res adjudicata;* that the first judgment could not be collaterally assailed by re-trying that issue, until the errors of the first trial, if there were any, had been corrected by an appellate court; and that in making the second seizure the sheriff was a trespasser and could confer no right under it.

Error to Huron. Submitted June 20. Decided Oct. 9.

REPLEVIN. The facts are shown in the opinion.

*George S. Engle* (on brief) for plaintiff in error. The receiptor's possession is the sheriff's (*Dillenback v. Jerome,* 7 Cow., 294; *Wheeler v. M'Farland,* 10 Wend., 322), and replevin will lie on constructive possession (*Latimer v. Wheeler,* 30 Barb., 485) or on any unlawful interference with the property. *Stewart v. Wells,* 6 Barb., 79.

*Winsor & Snover* and *H. B. Carpenter* (on brief) for defendants in error. Seizure under execution must be actual if the property can be taken possession of; it should be brought within view of the officer and subjected to his con-

trol. *Beekman v. Lansing*, 3 Wend., 450; *Price v. Shipps*, 16 Barb., 585; *Lowry v. Coulter*, 9 Penn. St., 349.

CAMPBELL, J. This is an action of replevin to recover certain horses seized by Merrick from Mayhue under claim that he had about two weeks before sold them as sheriff on execution, but that he had then been prevented from delivering them by the interference of the coroner and others acting under a writ of replevin. Snell was the execution creditor and alleged purchaser, and Winsor his attorney.

This alleged sale was made March 24, 1876, and Merrick claims the property was bid off to Snell. No money was paid, and no delivery then made of the property. The payment on the bids is claimed to have been made by endorsement on the writ.

The original levy was made in February, 1876, on an execution upon a transcript which is claimed to have been incorrect and void. Merrick seized a bull and the horses in question and left them with a receiptor. On the appointed day of sale Merrick came to the place of sale, and the receiptor desired him to take the property, but, according to his own statement of the facts, he seems to have had an idea that by declining to do so he could evade the operation of a writ of replevin sued out by Mayhue and in the hands of the coroner. This writ was served on Merrick personally, and the bull was taken on it, but the horses, according to Merrick's story, were set up to sale immediately after being brought out by the receiptor, and were not in Merrick's hands at the earlier hour when the writ was sued out and affidavit annexed, and he therefore claimed they were not covered by it. The coroner, however, as he shows, got control over them, so as to prevent their removal or delivery by Merrick. The horses when taken by the coroner were appraised and delivered over to Mayhue on his bond, and upon the issue and trial in that suit judgment went against Merrick, as unlawfully in possession, at the service of the writ, and as having been ousted by the writ.

Under these circumstances most of the points raised on the trial of this case become immaterial. The receiptor's

possession was the possession of Merrick as sheriff. *Dillen-back v. Jerome*, 7 Cowen, 294. If this were not so, then delivering property to a receiptor would be a relinquishment of a levy. Replevin would properly lie, therefore, against the sheriff for the receiptor's possession, and seizure from the receiptor would be seizure from the sheriff.

The attempt, therefore, to evade the operation of the writ, by leaving the horses until the last moment in the receiptor's hands, was of no avail. When the writ was personally served on him it made the sheriff a wrong doer when he attempted to dispose of the property in violation of it; and the seizure by the coroner was valid whether his manual control of it was a few minutes before or a few minutes after the unlawful sale.

The lawfulness of the seizure on execution was the precise matter in issue on the first replevin suit, and the judgment on that issue cannot be re-tried in this. The sheriff could not confer rights on any one by his subsequent seizure of the horses, in which he was no more nor less than a trespasser.

There was, therefore, nothing to be left to the jury. The defendant's own testimony coupled with the former replevin record destroyed the whole force of the defense, and rendered it improper to re-open the questions connected with the transcript and execution. They had already been passed upon in the former suit, and if there were supposed errors in those proceedings they should have been corrected in an appellate court. That judgment cannot be assailed collaterally.

The court erred in leaving it to the jury to determine the validity of the coroner's seizure on a false theory, and in treating the other questions disposed of in that suit as open. The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.