JARED A. SEXTON v. ELEANOR J. McDOWD.

*Replevin—Seizure from a Third Party Owning the Goods.*

Replevin is founded on an unlawful detention whether there was an unlawful taking or not.

The description in a writ of replevin is sufficient if with outside help the officer executing it can identify the property.

Seizure in replevin must · be from the actual or constructive possession of the defendant.

A writ of replevin will not protect an officer in taking the property described from some person besides the defendant, owning and holding it in good faith.

In a suit against the sheriff for the conversion of an article seized under a writ of replevin, the special verdict rendered in the replevin suit, that the defendant was not in possession when the article was demanded or suit was brought, was introduced in evidence. *Held* that it would not warrant an instruction that the right of the plaintiff in replevin had been adversely decided by it and that evidence to the contrary need not be considered.

Error to the Superior Court of Detroit.    Submitted October 31, 1877.    Decided January 15, 1878.

TROVER against the sheriff for conversion by means of an unlawful seizure.    Defendant below brings error.    The facts are in the opinion.

*Ed. E. Kane* and *Fred. A. Baker* for plaintiff in error. Judgments cannot affect third parties, *Case v. Reeve,* 14 Johns., 81; *Castle v. Noyes,* 14 N. Y., 332; *Yorks v. Steele,* 50 Barb., 405, but parties and privies are estopped by them, *Forbes v. Halsey,* 26 N. Y., 64; *Gwynn v. Hamilton,* 29 Ala., 236; *Harris v. Plant,* 31 Ala., 645; *Atwood v. Wright,* 29 Ala., 350.    See *Hatch v. Bartle,* 45 Penn. St., 167; *Whitaker v. Wheeler,* 44 Ill., 441.

*Atkinson & Atkinson* for defendant in error.    The sheriff is not protected by a writ of replevin in seizing property that belongs to third parties even though the writ

describes it specifically.   *Lyon v. Goree,* 15 Ala., 360;
*Smith v. Grant,* 56 Me., 255;   *State v. Jennings,* 14 Ohio
St., 73;   *Brush v. Fowler,* 36 Ill., 53.

GRAVES, J.    The plaintiff in error being sheriff of
Wayne county received for service a writ of replevin out
of the Superior Court of Detroit in favor of one Samuel
Nordheimer and against one Sarah J. Hanlon for a
piano.    Mrs. Hanlon was staying in Detroit with her
daughter Mrs. McDowd, the latter being absent from
home.    The piano was there and plaintiff in error took
it on the writ.    At that time it was not in Mrs. Han-
lon's possession.    The fact was so found, as appears by
the record.    Mrs. McDowd claiming to be owner brought
this action of trover against him, and on the trial he
contended that the writ of replevin in the case of
Nordheimer against Mrs. Hanlon afforded him complete
protection against Mrs. McDowd's charge of conversion
founded on his acts in executing that writ.    The court
decided that the writ was not a protection, and this is
assigned as error.    At the hearing *Hallett v. Byrt,* as
reported in Carthew, *Shipman v. Clark,* 4 Denio, 447,
*Foster v. Pettibone,* 20 Barb., 357, and *King v. Orser,* 4
Duer, 436, were cited as authority for the position of
the plaintiff in error, while *Stimpson v. Reynolds,* 14 Barb.,
506, *Clark v. Parkinson,* 10 Allen, 133, and *Billings v.
Thomas,* 114 Mass., 570, were cited among other cases
to support the ruling.    Assuming the report in Carthew
to be correct, it cannot afford any aid.    The ancient
action of replevin was a very different remedy from that
marked out by our statute, and the distinctions go far
enough to hinder the case in question from applying.

The cases from Denio and Barbour are contradictory,
and settle nothing, and it is plain that the rule is not
there regarded as determined.    In *Rogers v. Weir,* 34 N.
Y., 463, the subject was referred to in the court of
appeals, and the question was treated as still open.
The case in Duer did not profess to decide the point.

On the other hand, the Massachusetts cases cited to support the ruling were not intended to be so understood. This is distinctly shown by *White v. Dolliver*, 113 Mass., 400. The court there express this dictum: "While the property was in the hands of the sheriff, and he was actually engaged in transferring it to the possession of the defendant, it was *in custodia legis*, and the officer could not have been disturbed while making the transfer. *Hallett v. Byrt*, Carth. 380; *Sanborn v. Leavitt*, 43 N. H., 473; *Willard v. Kimball*, 10 Allen, 211."

Before allowing decisions made elsewhere to have special influence in the case, we should be able to find a correspondence between the action of replevin there and here in respect to those features fitted to affect the judgments of the courts on the question, and we are of opinion that the general scheme and leading properties of the action as defined by statute in New York and Massachusetts permit, if they do not require, a view upon the point before us which is not admissible under our statute. Certainly the decisions in their courts produce that impression.

With us replevin is founded on an unlawful detention whether an unlawful taking has occurred or not, *Hickey v. Hinsdale*, 12 Mich., 99, and it proceeds upon the idea that the property is actually withheld by the defendant and is to be taken by the officer under his process from him, and in order to facilitate its actual subjection to the action the law requires that the process shall describe it. Still it is settled that this description need not be so explicit and exclusive as to supersede recourse to extrinsic help. If with such aid as the plaintiff usually affords, the officer can identify the property, it is sufficient. *Farwell v. Fox*, 18 Mich., 166. Indeed, it may be laid down that in the great majority of cases the designation in the writ must be supplemented by other means of identification, and the officer must use his intelligence in ascertaining assisting facts and in apply-

ing the description to the property intended, and here·
as well as in serving attachments and executions, where
the direction is not to take specific chattels, but only
leviable goods belonging to the defendant, there is room
for error if not opportunity for abuse. In the case of
replevin the wrong goods and of a third person may be
taken, and in the other case goods of the leviable sort
but belonging to a stranger to the proceeding. Again, in
replevin the goods supposed to be indicated may be found
in the actual possession and apparent ownership of a
stranger to the writ who claims them, and the officer
may nevertheless assume to seize them without having
required indemnifying security, although the plaintiff, at
least without giving such security if demanded, could
not insist upon the execution of the writ against them
as goods detained by the defendant. Now there must
be difficulty in finding any practical ground for admitting
that the writ shall protect the officer in the last case
against the stranger's action for conversion without
admitting what all agree in denying, that it shall equally
protect in the others.

The plaintiff in error admits there can be no protec-
tion in the cases first suggested, but still contends for it
in the other. As already intimated, in cases at least
where the officer has no indemnifying security, there is
no law in this State to entitle the plaintiff to insist that
in executing the writ, property shall be taken which is in
the actual possession and apparent ownership of a stran-
ger to the process, and who claims the right to hold it,
and if the officer is asked by the plaintiff to make the
seizure under such circumstances he may prudently insist
upon indemnity before proceeding. And whether the
possession is actually in the defendant or a stranger will
seldom be as difficult for the officer to decide as the
question of identity of the goods in controversy,—or in the
case of serving an attachment or execution, the fact of
ownership by the defendant,—and accordingly no such
diversity of duties, discretion or risks by the officer is

perceived as would seem to authorize the distinction urged.

The statute takes pains to guard the defendant's rights by a bond, but makes no provision to protect third persons against seizures of their property in the execution of the writ. On the contrary, it contemplates speedy delivery to the plaintiff of the property taken, and neither requires it to be held in legal custody during the litigation nor provides for any intervention and claim in the action by a third party. The form and nature of the remedy suppose a case where the defendant unlawfully detains the property from the plaintiff, and not a case where the defendant cannot surrender nor the plaintiff accept possession, and it requires that before the writ shall be executed an affidavit shall be attached showing, among other things, that the plaintiff is entitled to the possession of the property, and that the defendant, not a stranger, unlawfully detains it. The entire scheme of the action suggests that the seizure is to be made from the actual or constructive possession of the defendant, and hence that the attention of the officer must be distinctly applied to that condition.

In case the property is claimed, held and apparently owned by a third person, and hence is not detained by the defendant from the plaintiff, or so situated as to be subject to surrender by the defendant, the process does not require the officer to seize it. If, however, he proceed to take it, though it be the very property described, his writ will not protect him if such third person is the *bona fide* owner and holder.

The plaintiff in error following *Stephenson v. Little*, 10 Mich., 433, adduced evidence tending to show that at the time of the alleged conversion, namely, when he executed the writ of replevin in the suit brought by Nordheimer against Mrs. Hanlon, the property was owned by Nordheimer and held by a right which contradicted the claim of right made in this case by Mrs. McDowd. And in

order to rebut this defense and show that Nordheimer did not so own and hold, the defendant in error gave in evidence the special verdict returned in the replevin case.

No objection was offered to its introduction, but the judge was asked to charge that it was not entitled to any weight in the case, and that the jury should disregard it. This was not only refused, but the jury were told that Nordheimer's right was adversely decided by the verdict and that they need not consequently consider certain evidence which had been adduced to make out the contrary. This ruling was improper and misleading.

So far as the special verdict may be supposed to have related to the merits, it is very blind and uncertain and quite too obscure and imperfect to be interpreted to the jury in this case as a finding that Nordheimer had no title. 3 Graham & Waterman on New Trials, 1418 *et seq.*

It is clear and explicit in finding that Mrs. Hanlon was not in possession when the article was demanded of her, or when the replevin suit was brought, and this was probably deemed sufficient to end the case, whatever was the fact as to other matters, and hence that it was not considered important to secure an intelligible finding on the merits.

Some other topics were noticed in connection with the use made of the proceedings in replevin, but they need no attention now.

On account of the ruling last noticed the judgment must be reversed with costs and a new trial granted.

CAMPBELL, C. J., and COOLEY, J., concurred. MARSTON, J., did not sit in this case.