JAMES MORRISON, JR. v. ALBERT A. LUMBARD.

*Replevin does not lie for goods in plaintiff's possession.*

Replevin will not lie for property which, when levied upon, was left and has remained in plaintiff's possession, even though he became receiptor for it to defendant.

Error to Ingham. Submitted June 9. Decided June 14.

REPLEVIN. Defendant brings error. Reversed.

*Gibson, Parkinson & Ashley* for appellant. Replevin

cannot lie for property in plaintiff's possession. *Gidday v. Witherspoon* 35 Mich. 368.

*F. C. Woodworth* and *H. P. Henderson* for appellee.

GRAVES, C. J. The defendant, acting as a constable, levied an execution against the plaintiff's father on a flock of sheep found on the plaintiff's premises. The plaintiff claimed that the sheep were his property, and the defendant went no further at the time than the making of the levy. The sheep were left in the plaintiff's possession. In the course of about a week the defendant called on the plaintiff and proposed to take possession; but offered to abstain therefrom and let the sheep remain with the plaintiff in case he would become receiptor and agree that they should be on the farm at the time of sale. The plaintiff gave the receipt and the sheep remained thereafter in his actual possession and without any change of custody. Early in the forenoon of the day of sale, but before the arrival of the time for selling and before the appearance of defendant to commence proceedings, and whilst the plaintiff was still so in actual possession, this suit in replevin was commenced. The defendant' still held the receipt and had taken no step to alter the possession.

On the trial the defendant requested the jury to be instructed that as the undisputed evidence showed that the defendant was not in possession and was not detaining the property at the time the writ was issued, they should find for the defendant. This was refused, and the circuit judge charged that although the fact was that the actual possession was all the time wholly in the plaintiff, yet if they found that there was an understanding between the parties, that the possession, contrary to the fact, should be considered in the defendant for the purpose of replevin and that the plaintiff relied upon such understanding in bringing the action, then the defendant was estopped from contending that he was not in possession and was not at liberty to say he did not detain the property.

It is needless to discuss the soundness of this proposition in point of law, and see whether it could be reconciled with the principle which governs replevin and which obliges the plaintiff to establish a substantial detention of the property as the very groundwork of the action; because no evidence was given fairly tending to show that there was any such supposed understanding, and the receipt itself and the surrounding circumstances were decisively opposed to it. The case was ruled by *Hickey v. Hinsdale* 12 Mich. 99, and *Bacon v. Davis* 30 Mich. 157, and the defendant's request should have been given.

The other questions referred to do not become material.

The judgment must be reversed with costs and a new trial granted.

CAMPBELL and COOLEY, JJ. concurred.