DANIEL G. ABER v. DAVID BRATTON.

*Replevin—Will not lie against one not detaining the property—Right of action depends on situation when suit is commenced—Damages—Speculative, not assessable.*

1. Replevin will not lie against one who is not *detaining* the property when the writ is sued out. *Burt v. Burt,* 41 Mich. 83; *Morrison v. Lumbard,* 48 Mich. 548.

2. It is the condition and situation of things *when* the suit is *commenced* which furnish the grounds for the action. *Belden v. Laing,* 8 Mich. 500; *Clark v. West,* 23 Mich. 242; *Cary v. Hewitt,* 26 Mich. 228.

3. In replevin for a boat *wrongfully* taken by the defendant, the measure of damages is a fair and reasonable compensation for its use, with such special damages as are known and necessarily accompanied the detention, and any actual injury occurring to the property. Such compensation cannot be determined by the prospective profits which the owner would have derived from the use of the boat, contingent upon his chance of business.

Error to Alpena. (Emerick, J.) Argued February 11, 1886. Decided April 8, 1886.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Turnbull & Dafoe*, for appellant :

In replevin, where the property has a useable "value," such value during the time of its wrongful detention may be recovered : *Hart v. Blake*, 31 Mich. 278 ; *Allen v. Fox*, 51 N. Y. 562 ; and such value cannot depend on any sudden or transient inflation or depression of the market, resulting from causes independent of the operation of commerce : *Smith v. Griffith*, 3 Hill, 333 ; *Durst v. Burton*, 47 N. Y. 175 ; Wells on Replevin, p. 303 ; Sutherland on Dam. vol. 2, 374.

"Profits" cannot be made the measure of damages if they are conjectural, speculative, or dependent upon chances : *McKinnon v. McEwan*, 48 Mich. 106 ; *Allis v. McLean*, Id. 428 ; thus the possible profits of a voyage cannot be taken into consideration in estimating the damages against the master for running away with the ship : *Brown v. Smith*, 12 Cush. 366 ; *Boyd v. Brown*, 17 Pick. 453 ; *The Anna Moria*, 2 Wheat. 327 ; *Del Col v. Arnold*, 3 Dall. 333. Prospective profits are regarded as speculative, and speculative damages can never be allowed : *Houghton v. Rock*, 8 Phil. 42 ; *Bonesteel v. Orvis*, 23 Wis. 506 ; *Seldner v. Smith*, 40 Md. 603 ; *Brannin v. Johnson*, 19 Me. 361 ; *Selden v. Cashman*, 20 Cal. 57 ; *Butler v. Mehrling*, 15 Ill. 490 ; *Butler v. Collins*, 12 Cal. 457 ; *Campbell v. Woodworth*, 26 Barb. 648.

*Kelley & Gilchrist*, for plaintiff :

The rule for ascertaining damages in replevin, when no fraud or malice is involved, is usually based upon the idea of compensation ; the object being to restore the party, as far as pecuniary compensation will do so, to the condition he was in before the act complained of was committed : Wells on Replevin, § 530 ; *Bonesteel v. Orvis*, 22 Wis. 506 ; *Stevens v. McClure*, 56 Ind. 385 ; *Allen v. Fox*, 51 N. Y. 564.

In actions of tort, the plaintiff will not be denied the right to recover the actual damages he has suffered because their nature is such that they cannot be accurately measured : *Gilbert v. Kennedy*, 22 Mich. 117 ; *Allison v. Chandler*, 11 Mich. 542.

The plaintiff, in his declaration, claims not only the goods, but damages for the taking and detention. Upon proof of such facts, he is entitled to such damages as will repair the loss. This rule applies in all cases of replevin : *Bonesteel v. Orvis*, 22 Wis. 506 ; *Brannin v. Johnson*, 19 Me. 362 ; *Bruce v. Learned*, 4 Mass. 614 ; *Whitwell v. Wells*, 24 Pick. 33 ; *Allison v. Chandler*, 11 Mich. 542.

No uniform rule can be given for ascertaining the extent of compensation. Different measures of redress may be proper for the same injury suffered under different circumstances. What will make good the loss which the party has sustained, owing to the situation in which he was placed when the injury was inflicted, is the material question. In determining this, all relevant circumstances ought to be carefully considered : Wells on Replevin, § 536 ; *Backenstoss v. Stahler*, 33 Penn. St. 257 ; *Grand Rapids & I. R. R. Co. v. Heisel*, 47 Mich. 393.

Judge Sutherland, in his work on damages, says : " Interest on the value will not be adequate compensation, and is not the measure of damages in replevin where the use of the property detained is valuable. The owner is entitled to recover the value of the use during the time he was deprived of possession. Without alleging special damages, the plaintiff may recover in replevin such damages for the detention of the property as the jury, upon all the evidence, may be satisfied that the use of the property, considering its nature and character, was worth during the time of the detention :" Sutherland on Damages, vol. 3, 539 ; *Odell v. Hole,* 25 Ill. 204 ; Wells on Replevin, § 579 ; *Williams v. Phelps*, 16 Wis. 85 ; *Allen v. Fox*, 51 N. Y. 562 ; *Burt v. Burt*, 41 Mich. 87.

In replevin for a horse, buggy, and harness, it was held that the plaintiff might, without alleging special damages, recover such damages for the detention of the property as the jury, upon all the evidence, might be satisfied that the use of the property, considering its nature and character, was worth to the plaintiff during the time of detention : *Clark v. Martin*, 120 Mass. 543.

SHERWOOD, J. This case is replevin for a boat. The property was taken on the writ, and delivered to the plaintiff. The suit was commenced on the fifth day of May, 1884. The declaration, in addition to the usual count in replevin, contained a special count for damages alleged to have been sustained by plaintiff by reason of having been deprived of large gains and profits which he could have derived from the use of the boat. The following is the second count :

" And for that, whereas, the defendant, on May 5, 1884, at the township of Alpena, unlawfully took and detained certain other goods and chattels, the property of said plaintiff, to wit, one sail-boat, called Calypso, which said name is painted on

said boat, of great value, to wit, the value of $700, being the goods, chattels, and property of said plaintiff, and the possession of which the said plaintiff was then and there, to wit, on the day and year last aforesaid, lawfully entitled; and the said defendant, well knowing that at the time and place aforesaid, and for several days then next following, that the said plaintiff had and possessed special means and opportunity for using and employing his said boat in securing and obtaining oats from a certain vessel then aground on Middle Island, in Lake Huron, whereby said plaintiff would have derived large gains and profits, to wit, $1,000, for the use of his said boat during the time aforesaid, had not the defendant wrongfully deprived plaintiff of the same in manner as aforesaid."

The plea was the general issue. The cause was tried in the Alpena circuit, by jury, and the plaintiff obtained judgment for $400 damages.

The facts, as shown by the record, are as follows:

The plaintiff lived about a mile from Lake Huron, in the town of Alpena. The boat in question was owned by plaintiff, and used by him in light freighting business, attending wrecks, and carrying grain. The boat had been drawn out of the water the fall before upon the beach, upon the premises of J. D. Turnbull, and kept there through the winter, and until the second day of May, 1884, about which time a large grain vessel stranded on Middle Island reef, about five or six miles from where plaintiff's boat laid. Knowing the condition of the stranded vessel, and that she was laden with oats, and anticipating that a portion of her cargo would probably be jettisoned, the plaintiff thought to use his boat for the purpose of securing the oats as they were thrown from the vessel. It required eight or ten men to launch plaintiff's boat. On the second of April the defendant took a sufficient number of men, went to the beach, and launched the boat. While they were engaged in launching it, the plaintiff sent one Fitzsimmons to the beach, who informed the defendant that the plaintiff sent him to get the boat, and he refused to let Fitzsimmons have it.

Defendant, after launching the boat, used it two days in transporting oats from the wreck, securing during the time

about 1,800 bushels, and paying the mate therefor about $15.50. Several other vessels which tried to get some of the oats were not allowed to obtain any by the mate of the wrecked vessel. After using the plaintiff's boat two days, the defendant returned the boat to the place where he took it, and he testified upon the trial that the plaintiff had frequently told him to use the boat when he wanted it. This was, however, denied by the plaintiff.

On the fifth day of May, after the boat had been returned to the beach, the plaintiff called upon the defendant at his place of business, at his mill; and he testifies that the defendant then and there told him he should not have the boat until he paid the defendant an account of about $100 which he owed the defendant. This the defendant denies, and says that he offered to go and help the plaintiff launch the boat if he wanted it.

It further appears from the testimony that the boat cost, when made, about $500; that its use was worth, ordinarily, about a dollar per day ; and that plaintiff sold the boat afterwards, and in 1884, for $175 ; that the land where the boat laid was not owned or controlled by either party; and that no other effort was made by the plaintiff to get possession of his boat than as above stated.

It further appears from the testimony of the plaintiff in the case that the boat, on the day the suit was commenced, laid upon the beach; that she was in his possession, and he was to her before commencing the suit; saw the defendant at his mill, and made no demand upon him for the boat.

Upon the foregoing facts, it is claimed by defendant's counsel replevin will not lie. Replevin will not lie against one who is not detaining the property when the writ is sued out: *Burt v. Burt*, 41 Mich. 83 ; *Morrison v. Lumbard*, 48 Mich. 548. Actual detention of the property is necessary to sustain replevin : Wells Repl. §§ 52, 134 ; *Sexton v. McDowd*, 38 Mich. 148 ; *Hickey v. Hinsdale*, 12 Mich. 99 ; *Bacon v. Davis*, 30 Mich. 157. It is the condition and situation of things when the suit is commenced which furnish the grounds for the action : *Belden v. Laing*, 8 Mich. 500 ;

*Clark v. West*, 23 Mich. 242; *Cary v. Hewitt*, 26 Mich. 228.

The plaintiff himself testifies he was in possession of the property at the time the suit was commenced. If this were true,—and no person denies it,—it is difficult to see how he can maintain this action, and he cannot be heard to say now that it was not true. The defendant may have been guilty of a trespass in taking and using the property in the first instance; but after he returned the property from where he took it, and the plaintiff had regained his possession, replevin would not lie. It is to recover the possession that the action can be maintained at all, and, if the plaintiff already has the possession, he cannot maintain the action to recover the damages for the detention on some former occasion. We think the defendant's request upon this subject should have been given in the charge of the court to the jury.

Upon the subject of damages, the charge and rulings of the court, and the action of the jury, were altogether wrong. The measure of damages is not to be made to depend upon the use or non-use of the property by the defendant; neither can the use to which the plaintiff could have put the property during its detention, and the prospective estimates of profits therefrom, contingent upon his chance of business, determine the value of its use. Such rule would be too uncertain and speculative. No speculative or contingent profits should have been permitted to enter into the computation.

A fair and reasonable compensation for the use of the boat, with such special damages as were known and necessarily accompanied the detention, and any actual injury occurring to the property, should have limited the amount of the recovery, if the action had been well brought: *Allis v. Mc-Lean*, 48 Mich. 428; *McKinnon v. McEwan*, 48 Mich. 106; *Hart v. Blake*, 31 Mich. 278; *Allison v. Chandler*, 11 Mich. 554; *Talcott v. Crippen*, 52 Mich. 633; *Allen v. Fox*, 51 N. Y. 562; *Smith v. Griffith*, 3 Hill, 333; *Durst v. Burton*, 47 N. Y. 175; Wells Repl. 303; 2 Suth. Dam. 374; *Mayberry v. Cliffe*, 7 Coldw. 117; *Barney v. Douglass*, 22 Wis. 464;

*Carter v. Carter*, 36 Mich. 207 ; *Sirrine v. Briggs*, 31 Mich. 443 ; *Butler v. Collins*, 12 Cal. 457 ; *Brannin v. Johnson*, 19 Me. 361 ; *Houghton v. Rock*, 8 Phil. 42 ; *Butler v. Mehrling*, 15 Ill. 490.

But we need not consider this subject further, nor the other errors assigned, inasmuch as we have come to the conclusion the action will not lie.

The plaintiff had his property, and the defendant had no right to it or its possession. It therefore only remains to reverse the judgment, and allow the defendant his costs in both courts, in finally disposing of the case. Of course, no new trial can be granted, and judgment will be entered accordingly.

The other Justices concurred.