## The Chicago & West Michigan Railway Company v. Alexander Reid.

*Replevin—Execution—Receipt by agent of defendant in writ.*

The owner of property levied upon, and to prevent the removal of which his agent gives the officer a receipt, may maintain replevin therefor, the possession of the receiptor being that of the officer. *Mayhue v. Snell*, 37 Mich. 305.

Error to Newaygo. (Fuller, J.) Submitted on briefs February 7, 1889. Decided April 12, 1889.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Ed. E. Edwards* (*L. A. Miller*, of counsel), for appellant.

*Smith, Nims, Hoyt & Erwin,* for plaintiff.

Long, J. This action of replevin was commenced in justice's court, where it was tried before a jury, and defendant had verdict and judgment for costs. Plaintiff appealed to the circuit court, and upon a trial there before a jury the court directed verdict for plaintiff for nominal damages. Defendant brings error.

It appeared upon the trial that in June, 1887, the defendant, who was then a deputy-sheriff of Newaygo county, having an execution in his hands against the plaintiff, went to the office of the company at Fremont, in Newaygo county, and assumed to make a levy under his writ upon a letter-press and safe then in the office of plaintiff company there. He told the agent in charge for the company, Mr. John C. Holcomb, that—

" After he had made the levy, of course the safe and letter-press was just the same as theirs, or in their hands at that time," but that he " could use it just the same."

The officer drew up a receipt for the property, and asked the agent of the plaintiff to sign it, which he did. This receipt is as follows:

"FREMONT, June 10, 1887.
" Received of Alex. Reid, deputy-sheriff, one safe, and impression-press, which he has this day levied on.
"J. C. HOLCOMB, Agt. C. & W. M. Ry."

Mr. Holcomb testified:

" I thought at first, after he made the levy, perhaps, that I could not use them; but he said that would not make any difference; that he would leave them there, and I could use them just the same, unless—I think he said that unless the matter was settled up, perhaps, he would have to draw up notices for the sale of them."

It appears that no notices of sale were ever posted or ever drawn up, so far as the record shows, and the property was never removed. The defendant was called by the plaintiff as a witness, and upon his examination states the transaction substantially as given by Mr. Holcomb. The defendant says he told Holcomb that he would have to advertise and sell the property right away, unless it was replevied. This is substantially all the testimony in the case bearing upon the questions raised.

The defendant offered no testimony except such as appeared upon the cross-examination of Mr. Holcomb and defendant. At the close of the testimony, the defendant requested the court to instruct the jury that, the plaintiff being in possession of the property at the time of the commencement of the suit, and never having been deprived of possession by the defendant, it could not maintain the action of replevin, and that therefore their verdict must

be for defendant.[1]   The court refused this instruction,
and directed a verdict for plaintiff for nominal damages·
On the trial the defendant made no effort to justify
under his execution, the sole defense being based upon
the claim that the officer never made any levy, and never
deprived the plaintiff of possession. It is not disputed
that the property belonged to the plaintiff.

We think it appears very clearly that a levy was made,
and so considered by the officer and Holcomb. The rea-
son that the property was not removed was the giving of
the receipt. The receiptor's possession was the possession
of the officer. The plaintiff was as much deprived of the
possession of the property as though it had actually been
removed. The taking of the receipt transferred the pos-
session after the levy was made from the plaintiff to
Holcomb, who held it in the right of the officer, and his
possession was the possession of the officer. The case
falls within the principles laid down in *Mayhue v. Snell,*
37 Mich. 305. We think the court properly directed the
verdict for plaintiff for nominal damages.

The judgment of the court below must be affirmed,
with costs.

The other Justices concurred.

---

[1] Counsel for defendant cited the following authorities in support
of this proposition: *Hickey v. Hinsdale,* 12 Mich. 99; *Bacon v.
Davis,* 30 Id. 157; *Gidday v. Witherspoon,* 35 Id. 368; *Hinchman
v. Doak,* 48 Id. 168; *Morrison v. Lumbard,* Id. 548; *McHugh v.
Robinson,* 71 Wis. 565.