JOHN W. WOODLING, Appellant, v. W. I. MITCHELL ET AL., Appellees.

**Jurisdiction:** DISMISSAL OF ACTION: NONRESIDENT DEFENDANT.
1  Where jurisdiction is acquired of a resident of another county by joining him with a resident defendant, and the action is subsequently dismissed as to the resident defendant, it should also be dismissed on an objection to the jurisdiction as to the nonresident under Code, section 3502, unless it is an action in replevin and such defendant is in possession of the property.

**Replevin:** PLEADINGS: NONRESIDENT DEFENDANT. A petition in an
2  action for the recovery of personal property which alleges that the defendant sheriff of another county levied upon the same and that prior to the commencement of the action said property had passed from his possession, does not state a cause of action in replevin but for conversion, and the court of the county in which the action is brought has no jurisdiction of such nonresident defendant.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, APRIL 8, 1905.

THE opinion states the case.—*Affirmed.*

*S. M. Elwood* and *C. D. Goldsmith,* for appellant.

*E. C. Stevenson,* and *Healy Bros. & Kelleher,* for appellee.

WEAVER, J.—The plaintiff alleges that he is the owner and entitled to the possession of certain described personal property, which the defendants wrongfully detain from him in Calhoun county. He further alleges that the defendant Mitchell, being sheriff of Pocahontas county, and holding an

execution issued upon a judgment against one J. T. Woodling, levied the same upon the property in controversy as belonging to said J. T. Woodling, and that by virtue of said execution said sheriff sold said property to other defendants named in the petition, or to some of them, " and finally, by transfers of some kind, the particulars of which the plaintiff is unable to say, a part of said property came into and is now in the possession of the defendants W. T. Thompson and W. C. McCologh, in Calhoun county." He also alleges that, before the sale under the execution was made, he served due notice of his ownership upon the sheriff and his deputy. On these allegations, judgment is demanded against the defendants generally for the possession of the property and for its value. The defendants, pleading separately, take issue upon the plaintiff's claim of ownership; allege that property was in fact owned by the execution defendant, and, as such, was rightly levied upon and sold by Mitchell, as sheriff of Pocahontas county. Various other defenses are pleaded, which we need not here mention.

On the trial, and before the cause had been submitted to the jury, plaintiff voluntarily dismissed his action as to all of the defendants except Mitchell, who thereupon moved to be dismissed on the ground that being a nonresident of the county, and the cause being dismissed as to all of his resident codefendants, the court was without jurisdiction to proceed with the trial, or to render a judgment against him. This motion was sustained, the cause dismissed, and plaintiff appeals.

It is shown without dispute that Mitchell was a non-resident of Calhoun county, and at the time of the matters complained of, was sheriff of Pocahontas county. Juris-

1. JURISDICTION: dismissal of action; non-resident defendant.
diction could be rightfully asserted over him in this action by the district court of Calhoun county only by a showing that he was wrongfully detaining the plaintiff's property, or some of it, in the latter county, or by properly impleading him with code-

fendants, some of whom resided therein. The latter ex-
pedient cannot avail the plaintiff, for, while he did join the
appellee with defendants who were residents of Calhoun
county, he dismissed his action as to all of such defendants;
leaving it to stand as an action against the appellee alone.
Our Practice Code, section 3502, expressly provides that
where a plaintiff obtains apparent jurisdiction over a non-
resident of the county by uniting him as a defendant with
resident codefendants, and thereafter " the action is dis-
missed as to the residents or judgment is rendered in their
favor or there is a failure to obtain judgment against such
residents," the nonresident defendant is entitled to have the
cause dismissed as to him also. This case comes squarely
within the terms of the section quoted, and the ruling was
right, unless jurisdiction can be upheld on the theory that the
action is in the nature of replevin, and appellee can be said
to have some part in the wrongful detention of plaintiff's
property in Calhoun county. The other defendants having
been dismissed, let us look to those allegations of the peti-
tion which state or attempt to state a cause of action against
the appellee Mitchell.

As noted in the opening statement, it is there averred
in express terms that Mitchell, acting as sheriff of Pocahon-
tas county, had wrongfully levied upon the property in con-
troversy, and, with notice of plaintiff's rights
therein, had sold it, and that, by " transfers of
some nature ". from these purchasers, the pos-
session of said property had been passed to still other per-
sons residing in Calhoun county. It requires but a mo-
ment's consideration to discover that as against Mitchell,
who is now the sole defendant, these allegations state a cause
of action for wrongful conversion, and not in replevin, the
primary purpose of which is to test the right of possession to
specific personal property which is held or detained by the
defendant. If the petition had stated a cause of action in
replevin, and it was shown that defendant had the property

2. Replevin: pleadings; non-resident defendant.

in his possession when notified of plaintiff's ownership, he could not defeat the action by showing that after receiving the notice he had sold and converted the property. *Hardy v. Moore,* 62 Iowa, 65. In such case he would bring himself within the operation of the familiar rule that in law no person shall be allowed to take advantage of his own wrong. If, however, the plaintiff recognizes and pleads the conversion, and shows affirmatively that the property has passed from the possession and control of the defendant, such allegations are wholly inconsistent with the statutory requisites for a petition in replevin (Code, section 4163), and, while justifying a recovery of damages, do not make a case for the recovery of possession. In other words, the plaintiff cannot plead a conversion and recover in replevin. It will be conceded that an action for the recovery of damages against the sheriff alone could not be maintained in Calhoun county against his objection, and it follows from the conclusions already stated that the motion to dismiss was correctly sustained.

Plaintiff relies very largely upon the decision in *Hardy v. Moore, supra.* In that case the sheriff was sued in replevin in his own county, and, so far as shown in the reported decision, the petition showed a cause of action in replevin, and the fact that defendant had sold the property did not appear of record, except as it was brought out on the trial of the case. Under such circumstances, as we have already indicated, an action in replevin properly instituted will not be dismissed. In the following cases it is distinctly held that possession in the defendant at the time suit is begun is essential to the action of replevin: *Aber v. Bratton,* 60 Mich. 357; *Sexton v. McDowd,* 38 Mich. 152; *Reid v. Ferris,* 112 Mich. 693; *Hinchman v. Doak,* 48 Mich. 168; *Williams v. Morgan,* 50 Wis. 548; *Richardson v. Reed,* 4 Gray, 441, *Coffin v. Gephart,* 18 Iowa, 256; *Hove v. Mc-Henry,* 60 Iowa, 227; *Hall v. White,* 106 Mass. 599. It is very possible that some of these cases go farther than this

court would be inclined to follow under like circumstances, but we have found no precedent which so far departs from the rule here recognized as to sustain replevin upon a petition or declaration which distinctly negatives possession in the defendant.

The judgment of the district court is *affirmed*.