## Wilson C. Edsell et al. v. Emory O. Briggs et al.

*Contribution.* A note was executed by six persons and entrusted to an agent, with special instructions not to deliver it until it had been signed by as many others, who were equally interested in the object for which the note was made. The parties who were to sign it, instead of obligating themselves as makers, endorsed on it a guaranty of collection, and put it in circulation: HELD,—that in equity the guarantors may be compelled to pay their share of the note.

*Equity pleading : Allegata et probata.* The proof of allegations in a bill which are not material to the complainant's equities, and which might have been omitted without affecting the case, is not essential to establish the case for relief within the prayer of the bill.

*Jurisdiction in equity : Remedy at law.* A remedy at law must be complete and ample, not doubtful and uncertain, in order to deprive a party of his remedy in equity.

*Heard May 11. Decided May 13.*

Appeal in Chancery from Allegan Circuit.

The bill in this cause was filed in the Circuit Court for the County of Allegan in Chancery, by Wilson C. Edsell, Daniel M. Hall, Lenora Foster, Franklin Chadsey, Willard Higgins, and James Monteith, against Emory O. Briggs, Isaac W. Willard, Thomas L. Stevens, J. P. Thre-

sher, Edmund Smith, and Alonzo Sherman, to restrain the defendant Briggs from proceeding in an action at law then pending for the collection of the amount due upon a promissory note, made by complainants for four thousand and five hundred dollars, a guarantee for the collection of which had been endorsed on the note by the remaining defendants; or if it should appear that the defendant Briggs was a *bona fide* holder of the note, without notice of the equities set up in the bill, that the other defendants might be decreed to pay the same proportion of the note as they would be liable for, if they had been joint makers with the complainants.

The cause was heard upon pleadings and proofs. The Circuit Judge granted the prayer of the bill for an injunction, and decreed that within sixty days the complainants should pay one half of the amount due upon the note ; and that the defendants, (except Briggs), should pay the other half to the defendant Briggs. And, further " that in case the said defendants last named neglect to pay the sum aforesaid to the said defendant Briggs, within the time above limited, that then, and in that case, the said complainants shall pay to the said Briggs the amount above decreed to be paid by the said defendants, Willard, Baker, Stevens, Thresher, Sherman and Smith, within thirty days after the time limited for the said defendants to pay the same, and that said complainants, on showing said neglect and such payment by them, have leave to apply to the Court for execution thereof, against said defendants last above named, for the amount above decreed to be paid by them to said complainants."

The defendants appeal to this Court.

*J. L. Hawes,* for complainants.

*Thos. H. Stephenson* and *H. F. Severens,* for defendants.

COOLEY, J.

The important facts in this case may be stated as follows: The complainants are subscribers to the stock of the Chicago & Michigan Grand Trunk Railway Company, and have paid a part only of the amount subscribed. They reside at Otsego in the County of Allegan, and two of their number are directors in the company. The defendants, except Briggs and Thresher, are subscribers to the stock of the same company, residing at Paw Paw, in VanBuren County, who have also paid a part of their subscription only, and three of their number are directors. Thresher, at the time this controversy arose, was Secretary of the company. In July, 1866, there being a debt of $4,500 against the company which required to be provided for, Thresher was sent by the President to Paw Paw, to see the parties in interest for that purpose. He there saw the three local directors, and after consultation, a note for $4,100 was drawn and delivered to him to be taken to Otsego, in order to be signed by the parties in interest there, as the proportion they ought to pay upon this demand, in view of the former payments which had been made at Paw Paw and Otsego respectively. Thresher took the note to Otsego and stated his errand to the complainants, but they after considerable consultation refused to sign it, alleging that it was more than their fair proportion. Finally, however, they prepared and signed a note of $4,500, payable at the First National Bank of Paw Paw, with interest, to the order of Thresher, at ninety days, enclosed the same in an envelope addressed to the Paw Paw directors, and delivered the same to Thresher, with written directions that the same was not to be made use of until signed by an equal number of parties in interest at Paw Paw, in order that when payment came to be due, the Otsego parties might be under obligation to pay only one half of it. Thresher took the note and directions to Paw Paw and duly delivered them; but the parties there,

instead of following the directions, endorsed on the note a guaranty of collection, which they signed, and then procured it to be discounted at the First National Bank at that place. After the note fell due, the signers were called upon for payment, and some small sums were paid. The balance not being paid, the Bank, in the name of Briggs, the cashier, brought suit against the makers. This suit was then commenced in equity, the general purpose being to compel the parties at Paw Paw, who guaranteed the collection of the note, to pay one half the amount thereof, as they would have been obliged to had the directions sent to them by the hands of Thresher been carried out. The Circuit Court in Chancery made a decree to that effect.

We are of opinion that this decree accomplishes substantial justice between the parties, and ought to be affirmed, unless there are difficulties of a formal character which will preclude it. The defendants make several objections to the decree.

1. They say that the complainants have not established the case made by their bill, in some important particulars. We think, however, that such allegations of the bill as are not proved are not material to the complainant's equities, and might have been omitted without affecting the case.

2. They claim that the delivery of the note by the complainants to Thresher, the payee, made it unconditional, inasmuch as the payee could not hold the note as an escrow. But we do not find that the note was delivered to Thresher as an escrow. It was delivered to him as messenger only, to be carried to Paw Paw and handed to the local directors there. In his hands, until so delivered, it had no validity, either immediate or conditional.

3. It is said that complainants had a remedy against the note in the suit at law. We are not satisfied, however, that they had any such remedy. They certainly did not have an equitable defense against the suit at law; and the equities alleged in this bill not being equities against the

bank, but against the other parties. If they had any defense there, it was on the ground that the note, having been made use of contrary to their directions, never became a binding instrument. A remedy at law, in order to preclude a suit in equity, must be complete and ample, and not doubtful and uncertain,—as we think the defense suggested for these complainants in the suit at law, against them, would have been.—*Barrows v. Doty, Har. Ch., 2.*

4. It is insisted that complainants are estopped from alleging that the note was negotiated without their authority by the payments they made upon it afterwards. But there is no ground for an estoppel here. Nobody has acted upon the faith of these payments, and consequently nobody can claim, that to allow the equitable circumstances set up in the bill to be now relied upon, would work any hardship to him. Upon the question, whether the note had any legal validity or not, the fact of payment would have been important evidence on behalf of the bank, in the suit at law; but upon the question whether as between the Otsego and Paw Paw parties, the latter ought to pay one half the note, it has no force or bearing whatsoever.

These are the principal objections urged to the decree, by the defendants, and as we find in none of them, or in any others which were suggested, a sufficient reason for disturbing the decree, it will be affirmed, with costs.

The other Justices concurred.