ADALINE ELDRED v. HENRY WOOLAVER.

*Replevin— Value—Jurisdiction determined by damages.*

G. in working for E. used his oxen which became injured, and E.'s agent agreed that G. might buy another yoke which E. should pay for, but G. should keep if on the final settlement the balance in his favor should be enough to pay for them. No settlement was made and E.'s agent had charged G. $125 for damages to cattle and for their use. G. sold the oxen to W. who sued E. for them in replevin. *Held*, that the question whether the oxen were worth the amount charged for them was inadmissible because there was no proof that G. had ever agreed to pay for their use or for the damage, and that he could not be liable for their use without such agreement and could only be held for the damage in an action in tort.

The value of property is not in issue in a replevin suit therefor except for the purposes of an assessment of value in defendant's favor.

In suing out a writ of replevin for property for which plaintiff had recently paid more than $100 and which defendant had taken from his possession without his consent, the plaintiff may properly regard his cause of action as within the jurisdiction of the circuit court.

It is not so much the value of the property in litigation as the damages involved which affects the jurisdiction.

46 MICH.—16

Error to Muskegon. Submitted June 9. Decided June 15.

REPLEVIN.   Defendant brings error.   Affirmed.

*Jas. G. Campbell* and *A. B. Allen* for plaintiff in error.

*Nelson De Long* for defendant in error.   The sum claimed as damages is the test of jurisdiction: *Inkster v. Carver* 16 Mich. 484; *Strong v. Daniels* 3 Mich. 466; *Henderson v. Desborough* 28 Mich. 170.

COOLEY, J.   The action in the circuit court was replevin by Woolaver against Eldred to recover possession of a yoke of oxen.   Woolaver had purchased the oxen of one Gardner who had for some time been engaged in the performance of a logging contract for Eldred, in the course of which he had the possession and use of a yoke of oxen belonging to his employer.   These oxen had become injured, and it was agreed between Gardner and the agent of Eldred that Gardner should be at liberty to purchase of a third person the oxen now in question, and that Eldred should pay for them, on the understanding that they should become the property of Gardner if the balance in his favor on settlement was sufficient to pay for them.

The parties never came to a final settlement, and it was a matter in dispute on the trial whether anything was due to Gardner when his contract was completed.   Eldred's agent had charged Gardner with the sum of $125 on the books for damage to cattle and for their use, and when on the stand he was asked whether the damage and the use were equal to that sum.   The question was ruled out, and this ruling forms the ground for an exception.   The difficulty with the question was that there was nothing in the case to show that Gardner had ever agreed to pay for either the use of the oxen, or for any damage to them.   Without such an agreement he could not be liable for the use, and he could only be held for any damage to them in some form of action in tort.

It is also assigned for error that the court had no jurisdiction, because the value of the property replevied was under

one hundred dollars. This, it is said, appears from the appraisal, which placed the value at ninety dollars. In the declaration the value was alleged to be one hundred dollars, and damages for the detention were claimed to a still larger amount. The case made by the declaration was therefore not one within the jurisdiction of a justice of the peace. We have on two or three occasions alluded to some of the difficulties which attend this question, when the failure of jurisdiction—if the value is to determine it—can only appear when the value is shown by the appraisal after the writ is served, or by the evidence on the trial. *Kittridge v. Miller* 45 Mich. 478, is particularly referred to.

We do not care to consider these difficulties at this time, because the case does not call for it. The plaintiff had recently purchased the cattle at a price exceeding one hundred dollars, the defendant had taken them from his possession, without his consent, and he might well estimate his cause of action at a sum exceeding the jurisdiction of a justice of the peace in actions of tort. After obtaining the property on the writ, he was not interested in showing its value, except to reduce it as far as possible for the contingency of a failure in the suit which should entitle the defendant to recover the value. For no other purpose than for an assessment of value in defendant's favor does the value become an issue in the suit. But the value is many times of less importance than the damages.

Another question made does not require attention.

The judgment must be affirmed with costs.

The other Justices concurred.