JOSEPH ROSENFIELD AND LOUIS MAY, EXECUTORS OF THE LAST WILL AND TESTAMENT OF MOSES MAY, DECEASED, v. ALBERT B. CASE.

*Chattel-mortgaged property—Execution—Replevin—Payment—Appraisals—Evidence.*

1. Chattel-mortgaged goods were replevied from attaching creditors by the mortgagees before the completion of an inventory, and on the trial the defendants claimed the right to recover on the ground that the attachment was made subject to the mortgages, which were admitted to be valid, and that defendants had the right to the joint possession of the goods until the inventory was completed, and also on the ground that the mortgages were being fraudulently used to defeat the claims of other creditors. And it is held that the defenses were antagonistic, and that evidence of such fraudulent use of the mortgages was properly excluded.

2. A question whether or not a demand was made at a stated time for the joint possession of chattel-mortgaged property is not objectionable as calling for the conclusion of the witness.

3. Evidence of the disposition made of chattel-mortgaged property after its replevin by the mortgagee is immaterial to the issue, the rights of the parties being fixed by the situation at the time the writ issued; citing *Merrill v. Denton*, 73 Mich. 628.

4. Where after the replevin of a stock of goods from a sheriff, who has seized the same under an attachment, he levies other attachments upon the goods, the appraisals made in the later

suits are admissible as tending to show the value of the goods, in connection with evidence tending to show that there had been no material change in the goods since they were replevied.

5. The contention that a sheriff who attaches chattel-mortgaged property cannot be disturbed in his possession by the mortgagee until an inventory is completed, after which he has the right to fix the character of his levy, and whether in opposition or subject to the mortgage, has been settled in the negative in *Merrill v. Denton*, 73 Mich. 634, 635.

6. An instruction that, if a sheriff levied an attachment upon a stock of goods subject to a chattel mortgage, he cannot recover in a replevin suit brought by the mortgagee unless the value of the goods exceeds the amount of the mortgage, is sustained.

7. Where a mortgagee is entitled to the possession of the mortgaged property, as against attaching creditors, at the time he replevies it, the after payment of his mortgage by a second mortgagee will not affect his right to a judgment against the defendants.

8. The attachment of chattel-mortgaged property in opposition to the mortgage, and the refusal of the officer to admit the mortgagees to a joint possession, justifies them in demanding possession under the insecurity clause in their mortgage, whether the debt secured thereby is due or not due.

9. Evidence of the estimate of value placed upon a stock of chattel-mortgaged goods by the owner and mortgagor is inadmissible in a suit between the mortgagees and the mortgagor's attaching creditors.

Error to Benzie. (Aldrich, J.) Submitted on briefs June 11, 1891. Decided July 28, 1891.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*McAlvay & Grant* and *Ramsdell & Benedict,* for appellant, contended as stated in the opinion, citing no authorities.

*G. A. Wolf,* for plaintiffs, contended for the doctrine of the opinion.

Morse, J. This is an action of replevin brought for a stock of goods owned by Jacob May at Frankfort, Mich.

The plaintiffs held a mortgage on this stock, and there were also four other mortgages upon it. At the time of the trial these mortgages amounted to $6,129.84.

The defendant is the sheriff of Benzie county, and, at the time the writ of replevin was served, was in possession of the goods under attachment levies, and was taking an inventory of the same. Upon the trial the validity of the five mortgages was admitted by the defendant, and the whole question in issue was whether the sheriff levied in opposition to the mortgage of plaintiffs or subject to it. The jury found for the plaintiffs, and they had judgment.

We shall notice only such assignments of error as we deem important enough for discussion. Many are assigned that are of no importance whatever.

Mr. McAlvay, of counsel for defendant, stated to the court that they did not contest the mortgages, but did contest the use the parties were making of the mortgages to defraud the unsecured creditors. Mr. Parker, an attorney at law and a witness for plaintiffs, testified, on cross-examination, that, at the time the sheriff levied the attachments, he was in possession of the goods under a foreclosure of a mortgage to one Otto Krause, one of the five mortgages heretofore referred to. He was asked what he had done under that mortgage. Mr. McAlvay stated, in support of this question, that he proposed to show that there had never been any legal foreclosure of the Krause mortgage; that Parker and G. A. Wolf, who were attorneys for all the five mortgagees, were acting jointly and in concert; that they did not intend to foreclose this mortgage legally, but took the steps they did in a pretended foreclosure for the purpose of using these mortgages to "freeze out" the balance of the creditors.

Mr. Pratt, of counsel for plaintiffs, objected to the question, on the ground that defendant's counsel had stated in the outset that they did not question the validity of plaintiffs' mortgage, or of any of the mortgages; that, if the defendant intended to show a fraudulent use of the mortgages, then it must be that it was proposed to show that the sheriff levied in antagonism to the mortgages, and to maintain that he had a right to do so, because of such fraudulent use. But defendant's counsel maintained that they did not intend to claim that the sheriff levied in opposition to the mortgages, but subject to them; and that was their main defense upon the trial. This being so, it could not concern the jury whether a fraudulent use was made of the mortgages or not. If the sheriff levied subject to them, they were acknowledged by him to be a lien upon the goods, having preference over his levies. The defendant could not blow hot and cold. He could not claim that he was entitled to recover because he levied subject to the mortgages, and recognized their validity, and was, therefore, entitled to hold joint possession with them, and complete his inventory, and at the same time claim that he was entitled to hold the goods against the mortgages, because they were being fraudulently used to defeat the claims of other creditors. His levies were either made subject to the mortgages, or in opposition to them. He could not maintain both defenses, as they were antagonistic. The court was right in not permitting any evidence of the fraudulent use of the mortgages to be introduced. The court, however, said to the defendant's counsel that, if any fraudulent acts could be shown on the part of plaintiffs, such acts would be received in evidence. Nothing of this kind was offered.

Defendant undertook to show by one Florsheim the estimate of value that Jacob May put upon the stock of

goods. This was properly excluded. The admissions of May could not bind plaintiffs, and the offered testimony was purely hearsay.

The following question was asked the defendant:

"I will ask you whether or not he made any demand at that time on you, Mr. Case, for joint possession?" (referring to a conversation on the 7th of January, 1889, with G. A. Wolf, attorney for plaintiffs, the day before the writ of replevin was served in this suit.)

The question was objected to as calling for a conclusion of the witness, and excluded by the court. We think the question was a proper one, but as he was permitted to and did give all the conversation he had with Wolf, and also testified that neither Parker nor Wolf asked him for joint possession before the writ of replevin was served, no error was committed to the prejudice of defendant.

The court admitted considerable evidence as to what was done with the stock of goods after they were replevied, but afterwards struck it out of the case. The rights of the parties in this suit must be fixed by the situation at the time the writ was issued. What was done with the goods thereafter was immaterial to the issue in this suit. *Cary v. Hewitt,* 26 Mich. 228; *Merrill v. Denton,* 73 Id. 628.

Testimony was introduced of three or more appraisements made of these goods, touching upon their value. The appraisal partly completed by the sheriff before the service of this replevin writ was offered by the defendant. The plaintiffs showed the appraisal made in this suit, and also appraisals made in some attachments levied by the sheriff after the commencement of this suit. It would seem that other attachments were levied by the sheriff after the service of this writ, and plaintiffs were compelled to replevin the second time. The evidence of

the amount of the appraisals under these later attachments, coupled with testimony tending to show that there had been no material change in the stock since the replevin in this suit, was competent as tending to show the value of the goods replevied.

The testimony of one Vorheis, taken upon another trial in this cause, was read in evidence, upon a showing that he was out of the jurisdiction of the court. This is assigned as error, as no showing was made that his deposition could not have been taken. It was shown that he left that spring or summer (the trial was in September, 1889) for the south, and was somewhere in Tennessee. His family still resided at Frankfort, Benzie county. We think no error was committed in the reception of this evidence. His testimony related to the appraisal in the present suit. He was one of the appraisers. A. J. Doyle and T. C. Anderson were the others. He identified his signature to the appraisal, and gave his opinion as to the value of the goods, and that he noticed no material difference in the stock between his appraisal and the subsequent appraisal upon the last attachment. It appears that he was fully cross-examined by the defendant's counsel, which cross-examination was also read in evidence. Mr. Anderson was sworn on this trial, and gave substantially the same evidence as that of Vorheis.

It is contended that the sheriff had the right to finish his inventory, and could not be disturbed in the possession of the goods until it was completed; and that, after it was done, it was his right to fix the character of his levy, whether it should be in opposition to or subject to plaintiffs' mortgage, but until then his possession was rightful, in any event. The law in this State has been settled against this contention by *Merrill v. Denton*, 73 Mich. 634, 635.

The court instructed the jury that, if they found that

the defendant levied subject to the mortgages, he could not recover, unless the value of the goods was found to be in excess of $6,129.84, the amount of the five mortgages. This is claimed to be error. It is argued that there was nothing due on any of these mortgages at the time the sheriff levied. This would make no difference. If the levies were made expressly subject to all these mortgages, as the defendant was contending they were, then he certainly could not claim anything except the balance remaining over and above the full · amount of them. It is said by defendant's counsel that they were not·trying the case as to all these mortgages, and what the interest of their holders might have been in the goods was of no concern in this suit. But the defendant was beaten by the jury on one of two propositions:

1. That he levied in opposition to the mortgages, which were conceded to be valid, in which case his levies were illegal and void; or—

2. That the value of the goods taken was not in excess of the amount of the mortgages, in which event, if he levied subject to them, there would be nothing covered by his levy.

The charge of the court in this respect was correct.

The court was asked to instruct the jury that, if plaintiffs' mortgage had been paid and satisfied, they could not recover. This was refused, and properly so. There was no pretense that the mortgage was paid at the time this suit was commenced, but it was shown by the cross-examination of one of the plaintiffs that their mortgage had been paid, since the beginning of this suit, by Mr. Krause, who held one of the other mortgages. If Krause's mortgage was a valid one, and it was conceded on the trial by the defendant that it was, he had the right to pay the mortgage of plaintiffs, which was of the same date and filing of his own; and the plaintiffs could sell it, or receive their pay from him upon it,

without detriment to their case in this suit.  If, at the time of the issuing of the writ, they were entitled to the possession of the goods as against the defendant, the fact that their mortgage was afterwards taken up and canceled by another mortgagee could not in any way affect their right to recover judgment against defendant.

It is claimed that the court erred in not instructing the jury, as requested by the defendant, that,—

"At the time of the levy of the attachments in question, the mortgage of the plaintiffs was not due, and they were not entitled to possession of the property levied upon for the purpose of foreclosure."

The court very clearly submitted the case to the jury upon the only issues in the case, to wit, the character of the levies, whether opposed to or subject to the mortgages; and the value, as connected with the other issue, if they found the levies were subject to the lien of the mortgages.  If the plaintiffs had the right of possession for any purpose, it was sufficient.  The mortgage contained a clause authorizing them to take possession at any time when they deemed themselves insecure.  When the sheriff levied upon the property, and made the levies· in opposition to the mortgage, and refused even to let the plaintiffs into joint possession with him, they were certainly justified in deeming themselves insecure, and in demanding possession of the property.  Whether the mortgage was due or not was entirely immaterial, and the court was right in not lumbering up the case with matters entirely irrelevant to the issues involved.

The judgment is affirmed, with costs.

The other Justices concurred.