DETROIT UNITED RAILWAY *v.* SMITH.

1. SPECIFIC PERFORMANCE—LACHES.

Where the purchaser in a contract for the conveyance of land was in actual occupancy of the land to the knowledge of all the parties concerned, and a demand for a deed would have been unavailing because of the refusal of the vendor's successors in title to convey, the failure to make such demand for several years after the execution of the contract was not laches preventing the vendee from afterwards enforcing specific performance.

2. CONTRACTS—MUTUALITY.

A contract, by which the owner of land agrees to convey a portion of it for a railroad right of way, in consideration of the payment of a certain sum per acre, on compliance with certain conditions as to crossings, fencing, etc., is not void for want of mutuality.

3. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

On a bill by a railroad company against certain heirs to enforce specific performance of a contract, by which their ancestor agreed to convey certain land for a right of way, testimony of complainant's agents, who negotiated the contract, as to what occurred at the time, is incompetent (§ 10212, 3 Comp. Laws, Act No. 30, Pub. Acts 1903).

4. EQUITY—TRIAL—EFFECT OF VERDICT.

On a bill for the specific performance of a contract to convey land the verdict of a jury is merely advisory.

5. SPECIFIC PERFORMANCE — EXECUTION OF CONTRACT — MENTAL COMPETENCY—EVIDENCE.

On appeal from a decree granting specific performance of a contract to convey land, evidence examined, and *held*, to show that the vendor was mentally competent at the time the contract was executed.

Appeal from Oakland; Smith, J. Submitted February 9, 1906. (Docket No. 122.) Decided May 24, 1906.

Bill by the Detroit United Railway against Dennis Smith, Alice Smith, Elizabeth Axford, and others, for the

specific performance of a land contract, and to restrain the prosecution of actions at law. From a decree for complainant, defendants Smith and Axford appeal. Affirmed.

*Geer, Williams, Martin & Butler*, for complainant.

*George O. Kinsman*, for appellants.

MONTGOMERY, J. This is a bill filed for specific performance. Saron Beardslee was in his lifetime the owner of a farm in Oakland county, through which ran a highway known as the Old Territorial Road. The complainant's predecessor, the Detroit, Rochester, Romeo & Lake Orion Railway, contemplated the construction of an electric railway following the line of the highway, but, desiring to build on private right of way, sought a right of way from occupants extending three rods westerly from the center line of said highway.

On the 13th of August, 1899, Saron Beardslee conveyed to complainant's predecessor such a right of way across his farm. Later it was thought desirable to locate the track on the easterly side of the highway as it passed through Beardslee's farm, and also to have a right of way four rods in width from the center of the highway. Negotiations were opened which culminated, on October 24, 1899, in an agreement signed by Mr. Beardslee, by which he agreed to the change in location, and agreed to convey the four-rod strip in consideration of a payment of $35 per acre for the additional rod, and subject to the same conditions as to crossings, fencing, etc., as were embodied in the deed of August 13th. It was provided that the deed was to be given when the company had laid its tracks. Authority was given to the company to proceed to build its road. Saron Beardslee died November 9, 1899. The railway having been completed, and complainant, having succeeded to the rights of the Detroit, Rochester, Romeo & Lake Orion Railway, files this bill against the legatees under his will and those claiming under them,

to specifically perform the contract of October 24th.   The court below granted complainant relief but on condition that certain grades and crossings be perfected, and gave no costs to either party.   The defendants Dennis and Alice Smith and Elizabeth Axford appeal.

The claims of appellants are best stated in the language of the brief:   It is the claim of the defendants that the complainant has no right to the relief prayed in its bill of complaint for the following reasons:

*First.*  That at the time of the alleged execution of the contract in question by Saron Beardslee, he, Saron Beardslee, was not in a condition mentally to understand and comprehend the nature of the contract.

*Second.*  That John Winter and Oliver H. Lau fraudulently took advantage of the mental condition of Saron Beardslee at the time the contract is alleged to have been made, and fraudulently put or caused to have placed his name to the contract.

*Third.*  That there was laches on the part of the complainant in attempting to have this alleged contract enforced and in bringing this action.

*Fourth.*  That the complainant never made any demand on the defendants for a deed, and never made any tender of the purchase price before this action was commenced; and never returned or offered to return the deed of August 13th, but retained possession of it, and still retains possession of it.

*Fifth.*  That, if the contract is found to be a valid and binding contract in consequence of its execution by Saron Beardslee, there has been no such compliance with the terms thereof on the part of the complainant as to entitle it to a decree of specific performance.

*Sixth.*  That the contract is not mutual in its operations as between the parties to it, and specific performance cannot be enforced in favor of the complainant.

There has been no such laches as to bar the complainant's remedy.   During all the time since the construction of the track soon after the contract was made complainant and its predecessor have been in the actual occupancy of the strip to the knowledge of all parties concerned. The demand for a deed would evidently have been with-

out avail as the appellants have seen fit instead of disclaiming or demurring specially to contest complainant's right to a deed and to follow the contest through two courts.

The court below found a substantial compliance except in some minor details, and imposed such equitable conditions as compensated for any dereliction of complainant in that regard.

The contention that there was no mutuality is answered by *Welch* v. *Whelpley*, 62 Mich. 15.     See, also, *Bigler* v. *Baker*, 40 Neb. 325 (24 L. R. A. 255).

The first two questions above stated are all which remain to be considered.   The circuit judge, on defendants' motion, impaneled a jury, which found that Saron Beardslee was mentally competent when the contract was made. The circuit judge also reached the same conclusion, and also negatived in his finding the contention of defendants as to fraud.   The defendants contend that the circuit judge. permitted the jury to consider testimony which was incompetent under section 10212 of the Compiled Laws, as amended by Act No. 30 of the Public Acts of 1903.   The testimony referred to was that of the agents of the contracting company who negotiated with Beardslee for the contract.   We think their testimony was incompetent under the statute cited.   The verdict of the jury was, however, at most, only advisory.   The circuit judge was not bound to order a jury in the first instance, nor to accept its finding when made.   *Maier* v. *Wayne Circuit Judge*, 112 Mich. 491; *Detroit National Bank* v. *Blodgett*, 115 Mich. 172.   The circuit judge having determined the case on its facts, and an appeal having been made from his decision, it is open to this court to decide the question of fact.   We are satisfied that the circuit judge reached the correct conclusion.   We reach this decision although the witnesses who express an opinion as to the mental competency of Beardslee testify that they do not believe that he was competent on the 24th of October. We base our conclusion on the facts and circumstances

surrounding the transaction and on the subsequent conduct of the interested parties.   Saron Beardslee's two sons-in-law were present on the day the negotiations were had, and assisted in staking out the proposed right of way strip.   It would appear from their testimony that the chief controversy arose over a difference of $15 per acre between the asked and the offered price of the strip.   Afterwards Saron Beardslee proceeded to his house, and a meeting was had with the agents of the company, the contract was signed in the presence of Saron Beardslee's son, John Beardslee, who signed the contract as a witness.   The company then went on, graded the road, and laid its track at an expense of nearly $14,000, with no protest or claim other than that made by some of the defendants that the road was not being built according to the contract.   No one asserted that there was no contract because Saron Beardslee was incompetent.   The case in this feature closely resembles *Burt* v. *Mason,* 97 Mich. 127. As was said of similar conduct in that case, "These acts are the most persuasive evidence of his competency."

The decree is affirmed, with costs.

GRANT, OSTRANDER, and HOOKER, JJ., concurred.

BLAIR, J.   I concur upon the ground that the appellants are estopped to assert the incompetency of Saron Beardslee.   *Burt* v. *Mason,* 97 Mich. 127; *Norfolk, etc., R. Co.* v. *Perdue,* 40 W. Va. 442.