MULTIPLEX CONCRETE MACHINERY Co. v. SAXER.

1. REPLEVIN—DAMAGES—UNPAID BALANCE OF NOTE—CHATTEL MORTGAGES—FORECLOSURE.

The unpaid balance under an instalment note given for property repossessed under foreclosure of chattel mortgage is not recoverable in an action of replevin since it is a possessory action, plaintiff's damages therein being limited to the unlawful taking or detention of the property which may include compensation for loss of use of the property, and any actual injury to, and depreciation in value of, it (3 Comp. Laws 1929, § 14838).

Inadequacy of remedy at law as ground for equitable intervention, see 2 Restatement, Contracts, § 361 (c), (d), (e).

2. SAME—DAMAGES—UNPAID BALANCE OF NOTE—CHATTEL MORT-
GAGES.

In an action of replevin a plaintiff cannot have judgment for the
return of the property, or for the value thereof, and at the
same time use as its measure of damages for the detention
thereof the amount of the unpaid balance on the note and chat-
tel mortgage on which plaintiff's right to possession of the
property is founded (3 Comp. Laws 1929, § 14838).

3. SAME—DAMAGES—TORT—ASSUMPSIT.

In an action of replevin a plaintiff cannot join a claim in tres-
pass on the case for damages foreign to such as arise out
of unlawful taking or unlawful detention, or in assumpsit for
the balance due on a note (3 Comp. Laws 1929, § 14838).

4. SAME—PURPOSE OF ACTION—POSSESSION.

The purpose of the action of replevin is to recover the possession
of goods unlawfully detained.

5. ACTION—DEFINITION OF CAUSE OF ACTION.

Causes of action are understood to be those which are generally
recognized and often defined as the fact or combination of
facts giving rise to or entitling a party to sustain an action.

6. SAME—JOINDER OF ACTIONS—STATUTES.

The provision of the judicature act, authorizing the joinder in
one action of as many causes of action as plaintiff may have
against the defendant, does not refer to the joinder of actions
or to counts applicable to different actions, but is limited to the
joinder of causes of action in one action (3 Comp. Laws 1929,
§ 13962).

7. SAME—SET-OFF AND RECOUPMENT—PAYMENT OF UNDERLYING NOTE
IN FULL.

In action of replevin, set-off and recoupment cannot be shown
to reduce balance claimed to be due on underlying note given
by purchaser-defendant except where latter shows the note
has been extinguished by payment in full.

8. SAME—ADEQUACY OF DEFENDANT'S REMEDY—SET-OFF AND RE-
COUPMENT.

The action of replevin does not afford a defendant an adequate
remedy at law by way of set-off or recoupment of unliquidated
damages not arising out of an unlawful detention.

9. SAME—DEFENDANT'S REMEDIES—STATUTES.

Replevin is a statutory remedy in this State, and the defendant
can only have such judgment as the statute authorizes the court
to render.

10. SAME—JUDGMENT FOR DEFENDANT—STATUTES.

The statute allows a defendant who prevails in an action of re-
plevin a judgment of return of the property or its value and
damages sustained by reason of plaintiff's detention or, if
property was not replevied and delivered to plaintiff, judgment
for costs only (3 Comp. Laws 1929, §§ 14843, 14844, 14846).

11. CALENDAR—TRANSFER OF CAUSES.

The right to have a law suit transferred to the equity side of the
court is not restricted to such cases as those in which it ap-
pears on a plaintiff's motion that the action should have been
commenced in equity but transfer may be had on a defendant's
motion as well (3 Comp. Laws 1929, § 14008).

12. JURY—WAIVER—DEMAND—EQUITY.

In civil cases a jury trial is deemed to be waived unless de-
manded and in chancery cases a jury trial may be obtained al-
though the jury's findings are advisory only (Const. 1908,
art. 2, § 13; 3 Comp. Laws 1929, § 14272).

13. REPLEVIN—SCOPE OF ACTION—TRANSFER TO EQUITY—JURY.

Where plaintiff sought relief not obtainable in replevin action it
had brought and although defendant demanded jury trial he
also sought transfer of cause to equity because of inability to
recoup damages for fraudulent misrepresentation, plaintiff's
claim that action was not transferable to equity was without
merit where various issues as to rights and liabilities of the
parties under original sales contract and chattel mortgage
may not be decided in such action.

14. SAME—SUBSEQUENT EVENTS—ISSUANCE OF WRIT.

In an action of replevin issues as to validity of subsequent fore-
closure of chattel mortgage and removal of the property out
of the State may not be determined as the rights of the parties
in a replevin action are fixed by the situation at the time the
writ was issued.

15. SAME—RECOUPMENT—EQUITY—MULTIPLICITY OF SUITS.

In action of replevin wherein plaintiff sought unpaid balance of
note secured by chattel mortgage and defendant sought recoup-
ment of damages for fraud, equity will take jurisdiction, to
avoid a multiplicity of suits, to effect a proper adjustment of
the rights of the parties, and to bring about a complete termi-
nation of the controversy.

16. EQUITY—JURISDICTION—ADEQUACY OF REMEDY AT LAW.

Equity will entertain jurisdiction where the remedy at law is not
plain, adequate, and complete, but is difficult or doubtful.

17. Same—Jurisdiction—Adequacy and Availability of Remedy at Law.

Equity will afford relief where the legal remedy would be inadequate or not immediately available.

18. Same—Jurisdiction—Procedural Obstacles to Adequate Remedy at Law.

Equity jurisdiction may be invoked to remove obstacles to attainment of adequate relief in an action at law where such obstacles are interposed by rules of procedure.

19. Same—Jurisdiction—Effectiveness of Remedy at Law.

The mere existence of a legal remedy is not the criterion for interposing jurisdiction in equity, but the legal remedy both in respect to its final relief and its modes of obtaining the relief must be as effectual as the remedy which equity would confer under the circumstances or else the concurrent jurisdiction attaches.

20. Same—Jurisdiction—Multiplicity of Suits.

The theory of saving a multiplicity of suits as a ground for equitable jurisdiction is that one equitable suit is substituted in place of all other kinds of judicial proceedings by means of which the entire controversy may be finally settled.

21. Same—Jurisdiction—English Chancery Courts.

The jurisdiction of courts of equity in this State is coextensive with the powers and jurisdiction of courts and judges in chancery in England.

22. Same—Availability of Legal Remedy—Efficiency of Equitable Remedy.

Where a legal remedy is not available and the equitable remedy is more efficient, or where the procedure in equity affords advantages which are not attainable at law, the court of equity has concurrent jurisdiction.

23. Same—Applicability of Jurisdiction to Defendant as Well as Plaintiff.

Principles governing invocation of equity jurisdiction apply equally to defendant who seeks equitable relief as well as to plaintiff who originally invokes the jurisdiction.

Wiest, Sharpe, and Reid, JJ., dissenting.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 3, 1944. (Docket No. 23, Calendar No. 42,826.) Decided January 2, 1945.

Replevin by Multiplex Concrete Machinery Company against Joseph Saxer to obtain possession of machinery. Cross declaration by defendant against plaintiff for damages caused by failure of machinery to operate as represented. Cross declaration dismissed on motion. Defendant moved for transfer to equity side of court. Motion denied. Defendant appeals. Reversed and remanded.

*Thomas E. H. Black,* for plaintiff.

*Joseph B. Beckenstein* and *Joseph J. Beck,* for defendant.

Reid, J. (*dissenting*). This is a replevin action brought to repossess a concrete-block-making machine under the terms of a chattel mortgage because of default of instalment payments. Defendant answered claiming set-off and recoupment cognizable in a suitable action in a law court and moved to transfer the action to the equity side of the court to permit him to make equitable defenses and to enable him to apply his damages if the equity court should award them to him on the defaulted instalments, and thus bring his contract out of default and defeat the replevin action. The trial court denied defendant's motion to transfer to the equity side. Defendant appeals from such denial. Appellant further claims (a) that since neither set-off nor recoupment can be urged in a replevin case (the only issue being right of possession) defendant in the instant case does not have an adequate remedy on the law side of the court; (b) that equity can take jurisdiction where fraud is alleged, and in his brief but not in the motion to transfer in this case defendant claims he was defrauded by plaintiff's false representation that the machine would make both 8-inch and 12-

inch blocks; and (c) that defendant in an independent suit at law could not obtain service upon the nonresident plaintiff in this jurisdiction.

Defendant bought the machine in question with appurtenances from plaintiff August 13, 1941. On December 5, 1941, after using the machinery for about three months with admittedly good results in making 8-inch concrete blocks, defendant gave plaintiff the chattel mortgage before mentioned with accompanying note calling for payments on instalment plan. Thereafter defendant defaulted as to the payments due in April, May, June and July, 1942. Defendant answered the replevin declaration, setting forth breach of warranty that the machine and accessories were new and would turn out good 8-inch and 12-inch cement blocks but that the machine failed when he tried to make 12-inch blocks in the latter part of October and in November, 1941. With the answer defendant filed a cross declaration claiming breach of implied warranty, damage to his business, and added common counts in assumpsit. This cross declaration was attacked by a motion and by consent of both parties the court ordered it dismissed.

The only defense left in the record is breach of warranty which is actionable at law.

We cannot now know just what sort of statements defendant would make in his pleading if the cause were transferred, if different from his answer. No sworn pleading is tendered to be filed in case transfer to the equity side of the court is ordered. The transfer statute relied on by the defendant is 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652).

It appears that the machinery has been repossessed, sold at foreclosure sale, and some months later taken to Elmore, Ohio. Plaintiff claims defendant and his attorney had notice of the foreclosure.

Defendant says in his motion to transfer that he is advised that on or about September 25, 1942, the foreclosure sale took place, that later the property and equipment were removed by plaintiff beyond the jurisdiction of this court and contends the sale was void *under the law* and that plaintiff had *no legal right* to foreclose and that therefore the sale should be set aside. It further appears the defendant is an Ohio corporation not doing business in Michigan. Such corporation was subject to having its property in Michigan attached and defendant admits his knowledge as to the foreclosure. The courts of Ohio are open to defendant.

Plaintiff denies the breach which defendant claims. The replevin suit was properly begun and could only be begun on the law side of the court. It is the only remedy to obtain possession of specific personal property. *Corbitt* v. *Brong,* 44 Mich. 150, 152. Damages for which plaintiff might be liable do not constitute a defense. *Dearing Water Tube Boiler Co.* v. *Thompson,* 156 Mich. 365, 368 (24 L. R. A. [N. S.] 748). See, also, 3 Comp. Laws 1929, § 14132, subd. 4 (Stat. Ann. § 27.826). Defendant claims he is still the rightful owner and entitled to the possession. The issue in the replevin suit is right of possession.

The declaration claims damages not to exceed $3,500 but fails to specify whether the damages are claimed for wrongful detention of the property, for damages to the property, or for some other cause. The damages in replevin where the property is recovered must be limited to a fair compensation for the use of the property, together with such special damages as necessarily accompanied the detention, and any actual injury to the property. *Aber* v. *Bratton,* 60 Mich. 357. See, also, 3 Comp. Laws 1929, § 14838 (Stat. Ann. § 27.1836, and cases there cited).

Defendant's answer claims damages by reason of the failure of the machinery to function as warranted, but fails to state the amount claimed; his cross declaration did state the amount but that was dismissed by his consent. Apparently if defendant had obtained leave suitably to amend his pleadings, he could have counterclaimed or set off at least *pro tanto* his damages against claims of plaintiff properly pleaded and proven.

Defendant let slip the opportunity to attach the property while it was still in Michigan and therefore did not make the most of his legal remedies. He sat idly by, making no protest or warning, while plaintiff incurred the expense of sale of the property, storage for four months in Michigan, and of transfer of the property to Elmore, Ohio, besides whatever may have been done in reconditioning the property after several months' use. After such dilatory tactics, it would be inequitable to subject plaintiff to further expense without at least a sworn statement of merit by defendant.

We have read the opinion by Mr. Justice BOYLES and consider defendant's conduct does not merit the favor that opinion would bestow.

We conclude defendant has an adequate remedy at law.

The order denying the petition for transfer should be affirmed, with costs to plaintiff.

SHARPE, J., concurred with REID, J. WIEST, J., concurred in the result.

BOYLES, J. I do not agree that the order denying the right to have the case transferred to the equity side of the court should be affirmed. Nor can I agree that the defendant has an adequate remedy at law, or that the defendant could offset or recoup dam-

ages in the replevin suit. The case should be remanded for entry of an order giving the equity court jurisdiction of the case.

Plaintiff's declaration is in replevin, to repossess personal property under a chattel mortgage on which defendant had defaulted in instalment payments. The declaration claims that the entire unpaid balance of instalments on the note and mortgage is in default by virtue of an acceleration clause in the chattel mortgage; and that under this right to elect that the entire amount is due through the acceleration clause ''by virtue of the said exhibits 1 and 2 (the chattel mortgage and instalment note) and in addition to the return of said machinery and equipment to plaintiff, plaintiff has been damaged in the further and additional sum of not to exceed $3,500.'' In concluding its declaration plaintiff claims judgment for return of the property, or the value thereof, ''and for the further and additional sum of damages of not to exceed $3,500 and its costs in this suit.'' In the absence of any express claim by plaintiff for damages arising out of the detention, it may be inferred that plaintiff is seeking judgment on account of the accelerated unpaid balance of the instalments. This cannot be accomplished in the replevin action. Replevin is a possessory action, and plaintiff's damages in a replevin suit are limited to damages for the unlawful taking or unlawful detention, or both. 3 Comp. Laws 1929, § 14838 (Stat. Ann. § 27.1836). Such damages may include compensation for loss of use of the property and any actual injury to the property (*McGuire* v. *Galligan,* 53 Mich. 453; *Aber* v. *Bratton,* 60 Mich. 357), and for depreciation in value (*Riley* v. *Littlefield,* 84 Mich. 22). But plaintiff in replevin cannot have judgment for the return of the property, or for the value thereof, and at the same time use as its measure of

damages for the detention thereof the amount of the unpaid balance on the note and chattel mortgage on which plaintiff's right to possession of the property is founded. A plaintiff in replevin cannot recover damages except such as arise out of the unlawful detention, for use, injury to or depreciation in value of the property in question. Nor can a plaintiff join in an action in replevin a claim in trespass on the case for damages foreign to such as arise out of unlawful taking or unlawful detention, or in assumpsit for the balance due on a note. *E. S. Knowles & Son v. Cavanaugh,* 144 Mich. 260. In *Brewster Loud Lumber Co. v. General Builders' Supply Co.,* 233 Mich. 633, this court said:

"The principal question involved is whether, under the circumstances of the case, the court erred in permitting the plaintiff to amend his declaration in the replevin suit by adding a count in assumpsit. * * * The purpose of the action in replevin is to recover the possession of goods unlawfully detained. * * * In the instant case the plaintiff had no cause of action in replevin. The goods were not unlawfully detained by the defendant. There could be no unlawful conversion, and, therefore, the plaintiff could not recover the value of any part of the goods in that action. The failure of the replevin suit has taken any question of the unlawful conversion out of the case. So that under the circumstances of this case the plaintiff could not add a count for conversion to his declaration in the replevin suit and recover the value of the goods under it; and if he could not do that he certainly could not add a count in assumpsit.

"There is no provision in the judicature act or in any rules adopted by this court that have changed the practice as to the joinder of counts in replevin actions. Our attention is called to section 432, p.

163, chapter 8 of the judicature act,* the applicable part of which reads as follows:

" 'The plaintiff may join in one action, at law or in equity, as many causes of action as he may have against the defendant.' * * * 3 Comp. Laws 1915, § 12309.†

"Causes of action are understood to be those 'which are generally recognized and often defined as the fact or combination of facts giving rise to or entitling a party to sustain an action.' *Otto* v. *Village of Highland Park*, 204 Mich. 74. With this definition in mind, it will readily appear that this section of the statute does not refer to the joinder of actions, or to counts applicable to different actions. It is limited by its language to the joinder of causes of action in one action. It does not mean that one may join a cause of action in assumpsit with a cause of action in replevin; nor does section 4 of Circuit Court Rule No. 22 permit that practice."

The defendant, by cross declaration, sought to recoup unliquidated damages in excess of $12,000 arising out of a claimed breach of warranty of fitness of the machine for certain purposes, and for injury to or loss of defendant's business. Plaintiff moved to dismiss the cross declaration on the ground that set-off or recoupment cannot be allowed the defendant in an action in replevin. This court has so held. *Dearing Water Tube Boiler Co.* v. *Thompson*, 156 Mich. 365 (24 L. R. A. [N. S.] 748) ; *Rubin* v. *Gallagher*, 294 Mich. 124. While set-off cannot be shown to reduce the balance claimed to be due on the note, an exception exists where defendant shows that the note has been paid in full. *Tropical Paint & Oil Co.* v. *Hall*, 225 Mich. 293. By stipulation the defend-

---

* Cummins & Beecher, Judicature Act (1st Ed.).—REPORTER.

† Now 3 Comp. Laws 1929, § 13962 (Stat. Ann. § 27.591).—REPORTER.

ant's cross declaration and claim of set-off or recoupment was dismissed by court order, and the defendant filed a motion to transfer the case to the equity side of the court, which motion was denied. This order denying the transfer is now under consideration on this appeal.

The grounds urged by defendant for the transfer of the case to the equity court are that his defenses are of an equitable nature which cannot be interposed in the replevin suit, that defendant does not have an adequate remedy at law. Also, as additional ground for equitable jurisdiction, the defendant claims that while the replevin suit was pending the plaintiff foreclosed the chattel mortgage and removed the property to Ohio beyond the jurisdiction of the court, which action defendant claims was void, that the sale should be set aside and the property returned to the jurisdiction of the court.

We are in agreement with defendant's contention that defendant does not have an adequate remedy at law *in the replevin action* by way of set-off or recoupment of unliquidated damages not arising out of the unlawful detention.

As early as 1890 this court held:

"Replevin is a statutory remedy in this State, and the defendant can only have such judgment as the statute authorizes the court to render." *Bateman* v. *Blake,* 81 Mich. 227, 232.

Where the *defendant* in replevin prevails, the statute allows judgment for the defendant of return of the property, or the value of the property replevied and damages sustained by him by reason of the detention by plaintiff (3 Comp. Laws 1929, §§ 14843, 14844 [Stat. Ann. §§ 27.1841, 27.1842]), or if the property was not replevied and delivered to the plaintiff, a defendant who prevails in the suit can

take judgment for costs only. 3 Comp. Laws 1929, § 14846 (Stat. Ann. § 27.1844).

In *Eldred* v. *Woolaver*, 46 Mich. 241, the defendant attempted to defeat an action of replevin by claiming damages for injury to a yoke of oxen, although there had been no agreement as to the amount of the damage or that the plaintiff in replevin had agreed to pay for the damage. Justice COOLEY, writing for the court in holding that the defense was not available in a replevin action, said:

"Without such an agreement he (the plaintiff) could not be liable for the use, and he could only be held for any damage to them *in some form of action in tort.*"

In *Theatre Equipment Acceptance Corp.* v. *Betman*, 266 Mich. 22, the defendant in replevin appealed from a judgment in her favor for damages for unlawful replevin of property, claiming the damages allowed her were insufficient. She sought as damages the value of other property affected by the unlawful replevin, the value of the property to her as a going business, earnings, cost to reinstall the equipment, and interest on the value of the replevied property. In effect, her claim was for unliquidated damages. The court in denying such claims said (p. 26):

"Defendant in effect seeks damages for a conversion of her entire business.

"Special damages must be such as are *the immediate consequences of the unlawful taking.*" *Woods* v. *Gaar, Scott & Co.*, 93 Mich. 143."

The situation, then, in which these parties now find themselves is as follows:

Plaintiff cannot recover, in the replevin case, the damages apparently sought by its declaration; the defendant, on the law side of the court, cannot offset

or recoup his claimed damages for breach of warranty in the original contract of sale. The defendant asserts—and it is not denied—that the plaintiff is a foreign corporation not doing business in Michigan, and that defendant cannot obtain service of process on the plaintiff in this State, in order that his claim for damages may be determined in the courts of this State. Plaintiff has possession of the property under mortgage foreclosure, and it has been removed to Ohio. While defendant might seek to transfer the instant case to Federal court, or begin suit for damages in the Federal court, on the ground of diversity of citizenship, he might be confronted with as many legal obstacles against recovery as are now present. Defendant might sue for damages in a court of competent jurisdiction in Ohio where the corporation is domiciled. In that event he would be confronted with the hazards of delay and the probable necessity for seeking some way to offset execution under an Ohio judgment against execution under a Michigan judgment in the present replevin case.

Plaintiff insists that the statute providing for transfer of law cases to the equity side of the court does not authorize the transfer now sought by the defendant. The substance of plaintiff's claim is that replevin is an action which can be brought only on the law side of the court, therefore it cannot be transferred. Under the circumstances, this is not a persuasive argument, inasmuch as plaintiff now claims possession of the property through mortgage foreclosure and that claim, if upheld, makes the replevin action one for damages only. The applicable part of the statute (3 Comp. Laws 1929, § 14008 [Stat. Ann. § 27.652]) reads as follows:

"If it appear that an action commenced on the law side of the court should have been brought in

equity, it shall be forthwith transferred to the proper side and be there proceeded with, with only such alteration in the pleadings as shall be essential.''

In *Courtney* v. *Youngs,* 202 Mich. 384, 396, this court in reversing judgment and remanding for further proceedings, of its own motion instructed the lower court to transfer the same to the equity side of the court. And in *City of Iron Mountain* v. *Iron Mountain Waterworks,* 206 Mich. 537, 544, this court set aside a chancery decree on the ground that the case should have been tried on the law side of the court, and *sua sponte* remanded the case for transfer to the proper side, ''if requested,'' under authority of the above statute.

In *Haylor* v. *Grigg-Hanna Lumber & Box Co.,* 287 Mich. 127, 134, this court, in considering this question, said:

''It is sought to imply that the transfer of a law suit to the equity side of the court depends upon whether it appears that the action should have been commenced in equity, and that only plaintiff may make such application. Transfer may be had on defendant's motion and is not limited to a case where plaintiff applies therefor. *Von Hoene* v. *Barber,* 215 Mich. 538.''

In the case at bar in the lower court it was the defendant, not the plaintiff, who filed a demand for jury trial. In civil cases, jury trial is deemed to be waived unless demanded (Const. [1908], art. 2, § 13), and in chancery cases jury trial may be obtained (3 Comp. Laws 1929, § 14272 [Stat. Ann. § 27.1001]), although the findings of the jury are advisory only (*Detroit National Bank* v. *Blodgett,* 115 Mich. 160, 173; *Detroit United Railway* v. *Smith,* 144 Mich. 235). We find no merit in this claim by plaintiff.

The present situation was brought about as the result of plaintiff's motion to dismiss defendant's

cross declaration, claim of set-off and recoupment, on the ground that such issue could not be tried in a replevin action. As a result, the issues now joined in the replevin action are narrowed down to whether plaintiff is entitled to possession of the property, and damages for unlawful detention. The rights and liabilities of the parties under the original sales contract cannot be adjudicated in the replevin case. Nor can the validity of plaintiff's foreclosure under the chattel mortgage and removal of the property to Ohio be adjudicated in the replevin case. As to that, the issue in replevin is determined upon the facts as they were at the beginning of the suit. *Cass* v. *Gunnison,* 58 Mich. 108; *Aber* v. *Bratton,* 60 Mich. 357. Evidence of the disposition of the mortgaged property after replevin by the mortgagee is immaterial, in a replevin action, the rights of the parties being fixed by the situation at the time the writ was issued. *Rosenfield* v. *Case,* 87 Mich. 295.

Under the circumstances of this case equity will take jurisdiction, to avoid a multiplicity of suits, to effect a proper adjustment of the rights of the parties, and to bring about a complete termination of the controversy. Where the remedy at law is not plain, adequate and complete, but is difficult or doubtful, equity will entertain jurisdiction. *Wheeler* v. *Clinton Canal Bank,* Harr. Ch. (Mich.) 449; *Edsell* v. *Briggs,* 20 Mich. 429; *Gott* v. *Hoschna,* 57 Mich. 413; *McKinney* v. *Curtiss,* 60 Mich. 611.

The fact that there was a remedy at law upon a contract has been held not to preclude an election of an equitable remedy which was much more complete, embracing what would otherwise have been numerous suits at law, with a possible necessity for equitable relief finally. *Carroll* v. *Rice,* Walk. Ch. (Mich.) 373; *Olson* v. *Morrison,* 29 Mich. 395.

Where a case presents such complications, such obstacles to a disposition at law, and such questions peculiar to equity as to make it manifest that a court of law could not so deal with it as to effect a proper adjustment and bring about a complete termination of the contention, equity has jurisdiction. *Wallace v. Harris,* 32 Mich. 380.

Equity will afford relief, where the legal remedy would be inadequate or not immediately available. *Maclean* v. *Fitzsimons,* 80 Mich. 336.

Even though plaintiff's right at law is fully recognized and money judgment would afford adequate relief, where rules of procedure present obstacles to attainment of such relief at law, equity may be invoked to remove such obstacles. *Haylor* v. *Grigg-Hanna Lumber & Box Co., supra.*

In *Powers* v. *Fisher,* 279 Mich. 442, the court said:

" 'A remedy at law, in order to preclude a suit in equity, must be complete and ample, and not doubtful and uncertain.' *Edsell* v. *Briggs,* 20 Mich. 429.

"The fact that there is a legal remedy is not the criterion. That legal remedy, both in respect to its final relief and its modes of obtaining the relief, must be as effectual as the remedy which equity would confer under the circumstances or else the concurrent jurisdiction attaches. 1 Pomeroy, Equity Jurisprudence (3d Ed.), § 280. * * *

"The theory of saving a multiplicity of suits as a ground for equitable jurisdiction is that one equitable suit is substituted in place of all other kinds of judicial proceedings by means of which the entire controversy may be finally settled. 1 Pomeroy, Equity Jurisprudence (3d Ed.), §§ 245, 274.

"The jurisdiction of courts of equity in this State is coextensive with the powers and jurisdiction of courts and judges in chancery in England, et cetera. 3 Comp. Laws 1929, § 13944 (Stat. Ann. § 27.545).

"Where a legal remedy is not available and the equitable remedy is more efficient, or where the procedure in equity affords advantages which are not attainable at law, the court of equity has concurrent jurisdiction."

The fundamental principle which should determine whether abstract justice can be finally attained only in a court of equity was well announced by this court in 1888 as follows:

"Equity is the perfection of the law, and is always open to those who have just rights to enforce where the law is inadequate. Any other conclusion would show our system of jurisprudence not only a failure, but a delusion and a snare. Justice alone can be considered in a court of chancery, and technicalities can never be tolerated except to obtain and not to destroy it, and the greater equity should always be allowed to prevail." *Grand Lodge of the Ancient Order of United Workmen* v. *Child*, 70 Mich. 163, 172.

The principles governing the right to invoke the jurisdiction of a court of equity should be held to apply equally to a defendant who seeks equitable relief as well as to the plaintiff who originally invokes the jurisdiction. In the case at bar the defendant does not have an adequate remedy at law, and the order denying the transfer to the equity side of the court must be set aside and the case remanded for transfer and such further pleadings and proceedings as may fairly present the issues between the parties. Costs to appellant.

STARR, C. J., and NORTH, BUTZEL, and BUSHNELL, JJ., concurred with BOYLES, J.