CAVANAGH, J.
(concurring). I concur in affirming the judgment of the Court of Appeals, but write separately to express my view that the Office of Financial and Insurance Services (OFIS)[1] may not — in the absence of additional cause — revoke plaintiffs license solely on the basis of the fully disclosed and waived felony conviction known to OFIS when it issued plaintiffs license in 2004. I would additionally hold that a governmental licensing agency is estopped from revoking a license solely on the basis of the same fully disclosed and accurate facts for which it had previously granted an express waiver if the licensee has reasonably relied to his detriment on the license issued.
First, I note that the stark conflict between MCL 500.1205(l)(b) and MCL 500.1239 as it existed in 2004 *218 creates an ambiguity. Compare MCL 500.1205(l)(b) (“license shall not be approved”) with the 2004 version of MCL 500.1239 (“the commissioner may ... refuse to issue [a] . . . license”). One provision allows discretionary licensing of convicted felons; the other precludes all discretion. By even the narrowest definition of ambiguity, the statutory provisions at issue here are ambiguous because “one [‘irreconcilably conflicts’] with another . . ..” Petersen v Magna Corp, 484 Mich 300, 311 & n 23; 773 NW2d 564 (2009), quoting Lansing Mayor v Pub Serv Comm, 470 Mich 154, 166; 680 NW2d 840 (2004).[2]
Defendants argue that the mandatory-denial provision applies only to resident insurance producers, whereas the discretionary-denial provision would apply to nonresident insurance producers. Statutes, however, “must be construed to prevent absurd results . . . People v Tennyson, 487 Mich 730, 741; 790 NW2d 354 (2010) (quotation marks and citation omitted). An interpretation of a statute is absurd when “it is clearly inconsistent with the purposes and policies of the act in question.” Cameron v Auto Club Ins Ass’n, 476 Mich 55, 128-129; 718 NW2d 784 (2006) (KELLY, J., dissenting). One of the main purposes animating our statutory insurance scheme is to protect Michigan citizens from unscrupulous insurers. See title of 1956 PA 218 (“An act. . . to provide for the protection of policyholders, claimants, and creditors of unsound or insolvent insurers . . . .”); In re Certified Question, 413 Mich 22, 38; 319 NW2d 320 (1982) (“The extensive regulation of the *219 insurance industry provided for in [the Insurance Code] indicates a legislative purpose to protect policyholders.”). It would indeed be an absurd result to conclude that the Legislature intended to allow discretionary licensing of out-of-state felons to sell insurance in Michigan while mandating that no licenses could be issued to resident felons. Such an intention would provide less protection to Michigan policyholders, in direct conflict with the purposes animating the Insurance Code. The state is much better equipped to exercise oversight of in-state insurance producers, to discipline them when necessary, and to bring them and their property within reach of the Michigan courts. I therefore decline to adopt an absurd interpretation of the licensing provisions in order to avoid a finding of ambiguity.
Second, I believe that equitable remedies may be available when a statute is ambiguous. See Stokes v Millen Roofing Co, 466 Mich 660, 672; 649 NW2d 371 (2002) (opinion by WEAVER, J.)
Third, a court may, in its sound discretion, grant equitable relief if no legal remedy is available or if an available remedy at law is doubtful or uncertain. See Tkachik v Mandeville, 487 Mich 38, 45; 790 NW2d 260 (2010), quoting Powers v Fisher, 279 Mich 442, 448; 272 NW 737 (1937); Edsell v Briggs, 20 Mich 429, 433 (1870). In the instant case, the only statutory remedy available to plaintiff after revocation is an administrative appeal to “determine the reasonableness of the commissioner’s action.” MCL 500.1239(2). Because defendants argue that they must revoke plaintiffs license, vowever, the only “reasonableness” determination to be at such an appeal would be whether the commissioner reasonably concluded that plaintiff had a felony conviction. Because there is no question that the felony *220 conviction exists — as plaintiff fully disclosed — the licensing statutes provide him no meaningful remedy whatsoever.
Fourth, in certain cases, equitable estoppel may be an appropriate remedy where one party has changed its position in reasonable reliance on a governmental mistake. See, e.g., Pittsfield Twp v Malcolm, 375 Mich 135, 147-148; 134 NW2d 166 (1965) (estopping a municipality from enforcing its zoning regulations against a kennel owner who was erroneously issued a building permit after he had relied on the permit and built a kennel). There is no question here that plaintiff has reasonably relied on the license issued to develop a career and that revocation would cause plaintiff an extreme detriment.
I would thus hold that a governmental licensing agency is estopped from revoking a license solely on the basis of the same fully disclosed and accurate facts for which it had previously granted an express waiver if the licensee has reasonably relied to his detriment on the issued license. The language “fully disclosed and accurate” requires that the licensing agency have before it all the information necessary when making its decision to grant a waiver. The phrase “reasonably relied” is equally important. Contrary to the dissent’s concerns, I cannot imagine a situation in which it would be reasonable for a child molester who was issued a daycare license or a dangerous felon who was issued a license to carry a firearm to rely on such a wrongfully issued license. The situation here is vastly different. First, all the materials available to the public at the time plaintiff applied for his license indicated that a waiver of felony convictions was possible.[3] Indeed, defendants informed *221 plaintiff that a waiver was possible. In addition, the waiver letter that OFIS sent to plaintiff expressly indicated that OFIS was fully aware of plaintiffs felony conviction when granting the waiver. Plaintiff had absolutely no reason to think that the waiver was not available or that it was improperly granted when he relied on the license issued to invest years of his life developing a career. Conversely, a convicted child molester or violent felon would have little reason to believe that he or she would be eligible for a daycare or firearms license.
A court’s discretionary use of equity allows “complete justice” to be done. Tkachik, 487 Mich at 46 (quotation marks and citation omitted). Achieving “complete justice” necessarily requires a court to examine and balance competing interests. It is beyond cavil that the need to protect children from child molesters would outweigh any interest of a child molester in keeping an erroneously issued license and the need to protect society from dangerous felons would outweigh any interest the felon has in keeping such a license. Any arguments posited that the rule I would apply to this case could allow such absurd results is pure hyperbole.
Accordingly, I concur in affirming the judgment of the Court of Appeals.
Kelly, C.J., concurred with Cavanagh, J.

 Now known as the Office of Financial and Insurance Regulation.

 I continue to adhere to the definition of “ambiguity” expressed in Chief Justice Kelly’s lead opinion in Petersen, 484 Mich at 329 (stating that ambiguity exists “ ‘when a statute is capable of being understood by reasonably well-informed persons in two or more different senses’ ”) (citation omitted). But because the statute at issue here is ambiguous under any standard, it is unnecessary to consider this issue further.

 The Court of Appeals noted (1) that the agency’s interpretation of the licensing statute in Mazur v Office of Fin & Ins Seros, Case No. 03-384-L, *221 Docket No. 2003-1515 (May 14, 2004), had not been published or communicated to the public in the form of a rule, new guideline, or OFIS letter or directive, (2) that the interpretation was never communicated internally at OFIS, and (3) that waivers of felony convictions remained possible following Mazur. King v Michigan, unpublished opinion per curiam of the Court of Appeals, issued January 21, 2010 (Docket No. 288290), p 2.